**Billy ATWOOD, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 49A02–0809–CR–844.

Court of Appeals of Indiana.

April 30, 2009.

Kevin Wild, Indianapolis, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Matthew Whitmire, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

KIRSCH, Judge.

Billy Atwood ("Atwood") appeals his convictions after a jury trial of possession of paraphernalia[1] as a Class A misdemeanor, operating a motor vehicle while privileges are suspended[2] as a Class A misdemeanor, and possession of cocaine[3] as a Class B felony. The State cross-appeals raising the following issue for our review:

I.  Whether the trial court abused its discretion by granting Atwood permission to file a belated notice of appeal.

Atwood raises the following issues for our review:

II.  Whether the evidence is sufficient to support Atwood's conviction for possession of cocaine within 1,000 feet of a school;

III.  Whether the trial court abused its discretion when instructing the jury; and

IV.  Whether Atwood's sentence is inappropriate in light of the nature of the offense and the character of the offender.

We affirm.

## FACTS AND PROCEDURAL HISTORY

The facts most favorable to the verdict reveal that on October 8, 2007, Officer Anthony Kelly of the Indianapolis Metropolitan Police Department was patrolling in Indianapolis when he conducted a random license plate check on a vehicle. Because the license plate information did not match the vehicle, Officer Kelly immediately initiated a traffic stop. Atwood was driving the vehicle and Roy Ross was in the front passenger seat. As Officer Kelly approached the vehicle, he observed Atwood reaching between the seat and center console of the vehicle. Officer Kelly requested three times that Atwood show his hands before Atwood complied and claimed that he was looking for his wallet between the seats. Atwood then retrieved his identification from his back pocket. Officer Kelly confirmed that Atwood's driving privileges had been suspended and placed Atwood under arrest for that offense.

---

1.  *See* Ind.Code § 35–48–4–8.3(b).

2.  *See* Ind.Code § 9–24–19–2.

3.  *See* Ind.Code § 35–48–4–6(b)(2)(B)(i).

Officer Kelly removed Atwood from the vehicle and read him his *Miranda* warnings. Atwood then apologized for reaching his hands between the seat and the console and admitted that he and his friend had just purchased two rocks of cocaine and had smoked one of the rocks prior to being pulled over. Further, Atwood confessed that there were crack cocaine and crack pipes in the vehicle. Officer Kelly searched the vehicle and discovered .15 grams of crack cocaine under the driver's seat and two pipes containing cocaine residue under the passenger seat of the vehicle.

William McKinley Elementary School was located 398 feet from the traffic stop. The principal of the school testified that on October 8, 2007, children were present at the school from 9:15 a.m. to 3:30 p.m. The traffic stop occurred at 11:15 a.m., while school was in session.

The State charged Atwood with possession of cocaine as a Class D felony, possession of paraphernalia as a Class A misdemeanor, operating a vehicle while driving privileges are suspended as a Class A misdemeanor, and possession of cocaine as a Class B felony. At the conclusion of a jury trial, Atwood was found guilty as charged. The trial court vacated Atwood's Class D felony conviction because it was a lesser-included offense of Atwood's Class B felony conviction. The trial court sentenced Atwood to a term of 365 days for each of the Class A misdemeanor convictions, and to a term of twelve years for Atwood's Class B felony conviction, all sentences to be served concurrently in the Department of Correction. Atwood now appeals.

## DISCUSSION AND DECISION

### I. Belated Notice of Appeal

The State cross-appeals arguing that the trial court abused its discretion by granting Atwood permission to file a belated notice of appeal. We address the State's cross-appeal issue first because it is potentially dispositive of this appeal.

Generally, the decision whether to grant or deny a petition for permission to file a belated notice of appeal is a matter within the discretion of the trial court. *George v. State*, 862 N.E.2d 260, 264 (Ind. Ct.App.2006). However, where, as here, the trial court does not hold a hearing before granting or denying the petition, the only basis for its decision is the paper record attached to the petition. *See Baysinger v. State*, 835 N.E.2d 223, 224 (Ind. Ct.App.2005). Because we review this same information upon appeal, we owe no deference to the trial court's decision and our review is de novo. *Id.* Indiana Post–Conviction Rule 2(1) provides in relevant part as follows:

> Where an eligible defendant convicted after a trial or plea of guilty fails to file a timely notice of appeal, a petition for permission to file a belated notice of appeal for appeal of the conviction may be filed with the trial court, where:
>
> (a) the failure to file a timely notice of appeal was not due to the fault of the defendant; and
>
> (b) the defendant has been diligent in requesting permission to file a belated notice of appeal under this rule.
>
> The trial court shall consider the above factors in ruling on the petition. Any hearing on the granting of a petition for permission to file the belated notice of appeal shall be conducted according to Section 5, Rule P.C. 1.
>
> If the trial court finds grounds, it shall permit the defendant to file the belated notice of appeal, which notice of appeal shall be treated for all purposes as if filed within the prescribed period.

■ Atwood bore the burden of proving by a preponderance of the evidence that he was both without fault for not timely filing the notice of appeal and that he has been diligent in requesting permission to file a belated notice of appeal. Here, the State alleges that Atwood failed to satisfy his burden of establishing that he was without fault for not timely filing the notice of appeal.

■ Our review of the record before us reveals that Atwood was sentenced on July 25, 2008, and was notified of his right to appeal at that time. *Appellant's Supp. App.* at 1. Atwood indicated that he wished to appeal. *Id.* On July 31, 2008, Atwood filed a motion for appointment of pauper appellate counsel; however that motion was not brought to the court's attention until August 27, 2008. *Id.* The trial court noted that the court's staff was unable to locate the case file. *Id.* On August 27, 2008, the trial court entered an order authorizing the filing of a belated notice of appeal, specifically finding that the failure to file was not Atwood's fault, and found Atwood indigent for purposes of appeal. *Id.* Atwood's appeal was referred to the Marion County Pauper Appeals Panel. Atwood filed a belated notice of appeal on September 18, 2008. We find that the trial court did not abuse its discretion by granting Atwood permission to file a belated notice of appeal as the record shows that Atwood has offered a justifiable excuse for the delay.

## II. Sufficiency of the Evidence

Atwood claims that the evidence is insufficient as a matter of law to support his conviction for possession of cocaine within 1,000 feet of a school. Atwood acknowledges that the traffic stop was initiated within 1,000 feet of a school, but specifically challenges the evidence that he possessed the cocaine.

■ When reviewing the sufficiency of the evidence, we neither reweigh the evidence nor judge witness credibility. *Scott v. State,* 803 N.E.2d 1231, 1237 (Ind.Ct. App.2004). Instead, we examine only the evidence favorable to the judgment, together with the reasonable inferences to be drawn therefrom. *Id.* We will affirm the conviction if evidence of probative value exists from which a fact-finder could find the defendant guilty beyond a reasonable doubt. *Id.* "[I]t is precisely within the domain of the trier of fact to sift through conflicting accounts of events. Not only must the fact-finder determine whom to believe, but also what portions of conflicting testimony to believe." *In re J.L.T.,* 712 N.E.2d 7, 11 (Ind.Ct.App.1999).

Atwood claims that the State failed to establish that he had constructive possession of the cocaine because the State did not prove that Atwood was able to reduce the cocaine to his personal possession. Atwood argues that Ross had actual possession of the cocaine at the time of the traffic stop, and that Atwood only had the option of sharing the cocaine later with Ross.

■ Constructive possession occurs when someone has the intent and capability to maintain dominion and control over the item. *Collins v. State,* 822 N.E.2d 214, 222 (Ind.Ct.App.2005). Essentially, in cases where the accused has exclusive possession of the premises on which the contraband is found, an inference is permitted that he or she knew of the presence of contraband and was capable of controlling it. *Id.* When possession of the premises is non-exclusive, the inference is not permitted absent some additional circumstances indicating knowledge of the presence of the contraband and the ability to control it. *Id.* Among the circumstances which will support such an inference are: (1) incriminating statements by the defendant; (2)

attempted flight or furtive gestures; (3) a drug manufacturing setting; (4) proximity of the defendant to the contraband; (5) contraband in plain view; and (6) location of the contraband in close proximity to items owned by the defendant. *Id.*

After receiving his *Miranda* warnings for operating a vehicle while his driving privileges were suspended, Atwood apologized to Officer Kelly for reaching his hands between the seat, confessed that he and Ross had just purchased two rocks of cocaine, and had just smoked one. Atwood further explained that crack and crack pipes were in the car. Officer Kelly searched the vehicle and found .15 grams of cocaine under the driver's seat of the vehicle and two pipes containing cocaine residue under the passenger seat of the vehicle. The evidence is sufficient to support the inference that Atwood knew about the presence of the cocaine and paraphernalia, and had the ability to control it.

### III. Jury Instruction

Atwood claims that the trial court committed reversible error by giving an improper instruction over Atwood's objection. More specifically, Atwood challenges the trial court's decision to give Final Instruction 11, which informed the jury of defenses available to a defendant charged with the crime of possession of cocaine within 1,000 feet of a school under Indiana Code section 35–48–4–16.

Instructing the jury lies within the sole discretion of the trial court. *Flake v. State,* 767 N.E.2d 1004, 1006 (Ind. Ct.App.2002). Jury instructions are to be considered as a whole and in reference to each other; error in a particular instruction will not result in reversal unless the entire jury charge misleads the jury as to the law in the case. *Id.* at 1007. Before a defendant is entitled to a reversal, he must affirmatively show that the instructional error prejudiced his substantial rights. *Id.*

Here, Atwood claims that Final Instruction 11 inaccurately instructed the jury about the burden of proof of each party when the defenses under IC 35–48–4–16 come into play. In *Bell v. State,* 881 N.E.2d 1080 (Ind.Ct.App.2008), a panel of this court discussed the burden of proof of each party where a defense was raised under Indiana Code section 35–38–4–16(c). Justification defenses "negate no element of the crime. Indiana has allocated the burden as to these defenses in two steps. First, the defendant must produce evidence raising the defense. Second, the State must negate at least one element of the defense beyond a reasonable doubt." 881 N.E.2d at 1086 (quoting *Moon v. State,* 823 N.E.2d 710, 716 (Ind.Ct.App.2005)). "[E]ven if a defendant bears a partial burden of proving a defense, 'the State retains the ultimate burden of proving beyond a reasonable doubt every element of the charged crime, including culpability or intent....'" *Id.* (quoting *Hoskins v. State,* 563 N.E.2d 571, 576 (Ind.1990)).

Final Instruction 11 provided as follows:

If you determine that the State proved beyond a reasonable doubt that the possession of cocaine occurred in, on, or within one thousand (1,000) feet of school property, you may consider the following defense to Possession of Cocaine Within 1000 Feet of School Property as charged in Count 4.

It is a defense that the person was briefly in, on, or within one thousand (1,000) feet of school property, and no person under eighteen (18) years of age was in, on, or within one thousand (1,000) feet of the school property at the time of the offense.

The defendant must prove this defense by a preponderance of the evidence.

However, if the State negates one element of this defense you may find the Defendant guilty of Possession of Cocaine Within 1000 Feet of School Property as charged in Count 4.

If the defendant proves this defense by a preponderance of the evidence, you may find the defendant guilty of Possession of Cocaine, as charged in Count 1.

*Appellant's App.* at 68.

Atwood argues that the instruction is defective because it does not inform the jury that the State must negate at least one element of the defense *beyond a reasonable doubt.* Atwood claims that a jury might have mistakenly believed that the State must negate at least one element of the defense by a preponderance of the evidence. We note that Final Instruction 13 instructed the jury that the State had to prove beyond a reasonable doubt that Atwood was guilty of the crimes charged. *Id.* at 69.

■■■■ Assuming without deciding that the instruction is erroneous, we find that the instructions, as a whole, properly informed the jury of the State's burden of proof. Furthermore, any error in giving jury instructions is subject to a harmless error analysis. *See Randolph v. State,* 802 N.E.2d 1008, 1011 (Ind.Ct.App.2004). Errors in the giving or refusing of instructions are harmless where a conviction is clearly sustained by the evidence, and the instruction would not likely have impacted the jury's verdict. *Id.* at 1013. As we have found above, the evidence was sufficient to support Atwood's conviction. Atwood has failed to demonstrate that his substantial rights were prejudiced. Consequently, we find that the error in giving Final Instruction 11, if any, was harmless.

## IV. Inappropriate Sentence

Lastly, Atwood argues that the twelve-year sentence for his Class B felony conviction is inappropriate in light of the nature of the offense and the character of the offender. The sentencing range for a Class B felony conviction is a fixed term of between six (6) and twenty (20) years, with the advisory sentence being ten (10) years. Ind.Code § 35-50-2-5.

Atwood argues that "the trial court almost completely disregarded this evidence of Mr. Atwood's personal character makeover." *Appellant's* Br. at 11–12. Atwood points to his post-arrest volunteer work with the Salvation Army and completion of a six-month residential program for his substance abuse issues as evidence of the personal character makeover. Atwood asks us to revise his sentence.

■■■■ The Indiana Constitution provides courts of appeal, in all criminal cases, "the power to review and revise the sentence imposed." *Childress v. State,* 848 N.E.2d 1073, 1079 (Ind.2006) (quoting Ind. Const. art. VII, § 4). Indiana Appellate Rule 7(B) prescribes this power and states that this "Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." "Indeed even where the trial court has been meticulous in following the proper procedure in imposing a sentence," this court may still revise any sentence we find inappropriate. *Childress,* 848 N.E.2d at 1079–80.

In *McCullough v. State,* 900 N.E.2d 745, 746 (Ind.2009), our Supreme Court held that "in the exercise of the appellate authority to review and revise criminal sentences, a court may decrease or increase the sentence." In that case, the State, on cross-appeal, had sought appellate review of McCullough's sentence arguing in favor of an increase in the sentence imposed. Our Supreme Court held that while appel-

late authority to review and revise criminal sentences did allow for an increase in a defendant's sentence, the State could not initiate review of the sentence on appeal or cross-appeal, but was restricted to making the argument in response to a request for sentence revision initiated by the defendant. 900 N.E.2d at 750.

■ Here, Atwood's appellant's brief was filed prior to our Supreme Court's February 10, 2009, decision in *McCullough*. However, Atwood did request sentence revision in his brief. The State responded, arguing that the sentence was unduly lenient, and cited our Supreme Court's opinion in *McCullough*. Atwood's reply brief, filed on March 18, 2009, was limited in its discussion to the State's cross-appeal argument about Atwood's belated notice of appeal. Accordingly, we turn now to the issue of whether the holding in *McCullough* can be applied to Atwood's appeal.

■ In *Smylie v. State*, 823 N.E.2d 679, 690–91 (Ind.2005), our Supreme Court considered whether Smylie could raise a *Blakely* claim in the direct appeal of his conviction where Smylie did not request that the trial court submit aggravating circumstances to a jury, nor did he raise a *Blakely* claim in his appellate brief filed prior to the *Blakely* decision. Our Supreme Court noted that "a new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases, state or federal, pending on direct review or not yet final, with no exception for cases in which the new rule constitutes a 'clear break' with the past." *Smylie*, 823 N.E.2d at 687 (quoting *Griffith v. Kentucky*, 479 U.S. 314, 328, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987)). A rule is new for the purposes of retroactivity "if the result was not dictated by precedent existing at the time the defendant's conviction became final." *Smylie*, 823 N.E.2d at 687 (quoting *Teague*

*v. Lane*, 489 U.S. 288, 301, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989)). Our Supreme Court concluded that Smylie could raise a *Blakely* claim because *Blakely* "radically reshaped our understanding of a critical element of criminal procedure, and ran contrary to established precedent" thus representing a new rule of criminal procedure, even though purporting to merely apply the rule already expressed in *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). *Smylie*, 823 N.E.2d at 687.

■ In *McCullough*, our Supreme Court found that under the plain language of the Indiana Constitution, the Court is granted the ability to revise a sentence, which refers to any change or alteration to a sentence. 900 N.E.2d at 749. The court held that the appellate "review and revise" authority derived from Article 4 of the Indiana Constitution includes the power to increase or decrease a criminal sentence on appeal. *Id.* at 750. Accordingly, under *McCullough*, when a defendant requests appellate review and revision of his criminal sentence, the reviewing court may affirm, reduce, or increase the sentence. *Id.*

Although it is arguable that the power to increase a criminal sentence on appellate review has been available since appellate review and revise authority has existed, *McCullough* announced our Supreme Court's view of the procedural posture necessary for the State to seek an increase in a criminal defendant's sentence. Here, since: 1) Atwood's direct appeal was pending at the time the *McCullough* holding was announced; 2) Atwood requested review and revision of his sentence; 3) the State argued in its appellee's brief that the sentence was, if anything, unduly lenient citing *McCullough*; and, 4) Atwood filed a reply brief in which he did not address the State's argument in favor of an increase in

sentence, we find that we may affirm, reduce, or increase Atwood's sentence.

Assuming without deciding that the nature of Atwood's crime was not remarkable, Atwood's character, as shown by his criminal history, justifies the two year enhancement to the advisory sentence. Even a limited criminal history can be considered an aggravating factor. *See Pagan v. State*, 809 N.E.2d 915, 928 (Ind. Ct.App.2004) (single juvenile adjudication and single adult conviction warranted some aggravation). Atwood has twenty-three adult convictions including eight felony convictions since 1972. Clearly, Atwood's exposure to the criminal justice system has not deterred him from criminal activity. Accordingly, we do not find that find that the trial court's two-year enhancement of the ten-year advisory sentence for a Class B felony is inappropriate.

Because Atwood's brief was filed before our Supreme Court decided *McCullough* and because we are unable to say with confidence that Atwood would have raised an issue regarding the appropriateness of his sentence had he known that he may face an increased sentence, we decline the State's invitation to revise the sentence upward.

Affirmed.

RILEY, J., and MATHIAS, J., concur.