**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**MICHAEL E. BOONSTRA**
Logansport, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**GARY R. ROM**
Deputy Attorney General
Indianapolis, Indiana



FILED

Jul 24 2012, 9:11 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

JOHN W. BREEDLOVE,  )
                    )
    Appellant-Defendant,  )
                    )
        vs.  )     No. 09A02-1111-CR-1116
                    )
STATE OF INDIANA,  )
                    )
    Appellee-Plaintiff.  )

APPEAL FROM THE CASS SUPERIOR COURT
The Honorable Richard A. Maughmer, Judge
Cause No. 09D02-1108-FB-29

**July 24, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**KIRSCH, Judge**

John W. Breedlove ("Breedlove") appeals his sentence for one count of dealing in methamphetamine[1] as a Class B felony contending that the trial court abused its discretion in failing to identify the existence of mitigating circumstances and that his eighteen-year executed sentence is inappropriate.

We affirm.

## FACTS AND PROCEDURAL HISTORY

On June 5, 2009, Elijah Helderman ("Helderman") was acting as a confidential informant for the Cass County Drug Task Force. Helderman contacted Officer Jim Klepinger ("Officer Klepinger") about the possibility of conducting a controlled buy of methamphetamine from Breedlove. Officer Klepinger prepared the buy money and met with Helderman at the parking lot of the Dutch Mill Tavern in Logansport, Indiana. Officer Klepinger gave Helderman $60 of buy money and outfitted Helderman with a video and audio recording device. After Officer Klepinger searched Helderman's vehicle, Helderman met Breedlove at a predetermined location. Officer Klepinger followed Helderman in another vehicle.

When Breedlove arrived, he entered Helderman's car. Helderman gave Breedlove the buy money, and Breedlove gave him what was later determined to be 0.26 grams of methamphetamine. Breedlove instructed Helderman to call if he wanted any more "product." *Tr*. at 60. Helderman subsequently met with Officer Klepinger who searched Helderman and his vehicle and took the methamphetamine into evidence.

---

[1] *See* Ind. Code § 35-48-4-1.1.

The State charged Breedlove with one count of dealing in methamphetamine as a Class B felony. At the conclusion of Breedlove's jury trial, he was found guilty as charged. The trial court sentenced Breedlove to a term of eighteen years executed in the Department of Correction. Breedlove now appeals.

## DISCUSSION AND DECISION

### I. Sentencing Errors

Trial courts are required to enter sentencing statements whenever imposing a sentence for a felony offense. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007). The statement must include a reasonably detailed recitation of the trial court's reasons for imposing a particular sentence. *Id*. If the recitation includes a finding of aggravating or mitigating circumstances, then the statement must identify all significant mitigating and aggravating circumstances and explain why each circumstance has been determined to be mitigating or aggravating. *Id*. Sentencing decisions rest within the sound discretion of the trial court and are reviewed on appeal only for an abuse of that discretion. *Id*. An abuse of discretion occurs if the decision is "clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom." *Id*.

One way in which a trial court may abuse its discretion is by failing to enter a sentencing statement at all. *Id*. Other examples include entering a sentencing statement that explains reasons for imposing a sentence, including a finding of aggravating and mitigating factors if any, but the record does not support the reasons, or the sentencing statement omits

3

reasons that are clearly supported by the record and advanced for consideration, or the reasons given are improper as a matter of law. *Id*. at 490-91. Because the trial court no longer has any obligation to "weigh" aggravating and mitigating factors against each other when imposing a sentence, a trial court cannot now be said to have abused its discretion in failing to "properly weigh" such factors. *Id*. at 491. Once the trial court has entered a sentencing statement, which may or may not include the existence of aggravating and mitigating factors, it may then "impose any sentence that is authorized by statute; and . . . is permissible under the Constitution of the State of Indiana." Ind. Code § 35-38-1-7.1(d).

## A. Abuse of Discretion

Breedlove argues that the trial court abused its discretion by failing to find the existence of mitigating circumstances. More specifically, Breedlove contends that the trial court should have considered as mitigating circumstances the non-violent nature of the offense and that the State induced or facilitated the offense. However, the State correctly notes that Breedlove failed to argue during sentencing that the trial court should find these factors to be mitigating circumstances. "If the defendant fails to advance a mitigating circumstance at sentencing, this court will presume that the circumstance is not significant and the defendant is precluded from advancing it as a mitigating circumstance for the first time on appeal." *Simms v. State*, 791 N.E.2d 225, 233 (Ind. Ct. App. 2003). Furthermore, had Breedlove argued in favor of those mitigating circumstances, the trial court was not required to accept his argument as to what constitutes a mitigating circumstance. *Hape v. State*, 903 N.E.2d 977, 1000 (Ind. Ct. App. 2009). Breedlove has failed to establish that the

4

trial court abused its discretion during sentencing by failing to find the existence of mitigating circumstances.

## B. Inappropriate Sentence

Breedlove also contends that his eighteen-year sentence for his Class B felony conviction is inappropriate in light of the nature of the offense and the character of the offender. The sentencing range for a Class B felony conviction is a fixed term of imprisonment between six years and twenty years with the advisory sentence being ten years. Ind. Code §35-50-2-5. Appellate courts may revise a sentence after careful review of the trial court's decision if they conclude that the sentence is inappropriate based on the nature of the offense and the character of the offender. Ind. Appellate Rule 7(B). Even if the trial court followed the appropriate procedure in arriving at its sentence, the appellate court still maintains a constitutional power to revise a sentence it finds inappropriate. *Hope v. State*, 834 N.E.2d 713, 718 (Ind. Ct. App. 2005). The defendant has the burden of persuading the appellate court that his sentence is inappropriate. *King v. State*, 894 N.E.2d 265, 267 (Ind. Ct. App. 2008). The issue we are presented with in this context is not whether another sentence is more appropriate, but whether the sentence that was imposed is inappropriate. *Id.* at 268.

The amount of methamphetamine Breedlove sold to Helderman was not substantial. However, he told the confidential informant to call him if he wanted to purchase more. Furthermore, Breedlove was on parole for a prior felony methamphetamine conviction at the time he committed this offense. Indiana Code section 35-38-1-7.1 allows the trial court to

consider if a person has recently violated the conditions of probation or parole as an aggravating circumstance. Even a limited criminal history can be considered an aggravating factor. *Atwood v. State*, 905 N.E.2d 479, 488 (Ind. Ct. App. 2009).

Additionally, Breedlove is at risk for recidivism. This was his second felony related to methamphetamine. Breedlove, who was twenty-seven years old at the time he committed the offense, was a daily smoker of marijuana from the age of thirteen to seventeen. He learned how to manufacture methamphetamine when he was thirteen years old and used it daily except when he was incarcerated. Although treatment was available, Breedlove could not take advantage of that treatment while incarcerated because of his numerous write-ups and loss of good-time credit. He served much of his sentence in segregation, which prevented him from attending drug rehabilitation programs.

Breedlove has failed to meet his burden of persuading us that his sentence is inappropriate in light of the nature of the offense and the character of the offender.

Affirmed.

BAKER, J., and BROWN, J., concur.