## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 05 2019, 5:58 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Kimberly A. Jackson
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

J.T. Whitehead
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Omar Sharif Mosley,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

July 5, 2019

Court of Appeals Case No.
18A-CR-3088

Appeal from the Parke Circuit Court

The Honorable Sam A. Swaim, Judge

Trial Court Cause No.
61C01-1709-F6-201

**Barnes, Senior Judge.**

# Statement of the Case

[1] Omar Mosley appeals the sentence he received for his convictions of leaving the scene of an accident with serious bodily injury, a Level 6 felony;[1] false informing, a Class B misdemeanor;[2] reckless driving, a Class A misdemeanor;[3] and operating a motor vehicle without ever receiving a license, a Class C misdemeanor.[4] We affirm.

# Issue

[2] Mosley presents one issue for our review, which we restate as: whether his sentence is inappropriate in light of the nature of his offenses and his character.

# Facts and Procedural History

[3] In September 2017, Mosley caused a serious multi-vehicle accident. The collision occurred when, as Mosley was driving, he was distracted by an incoming call on his cell phone, and the vehicle in front of him braked. Mosley hit the back of that vehicle, and the collision propelled his vehicle into the lane of oncoming traffic where he hit a motorcycle head-on. Fearful of being arrested because he did not have a driver's license, Mosley called his wife and had her pick him up not far from the scene. Later, he returned to the scene with

---

[1] Ind. Code § 9-26-1-1.1 (2017).

[2] Ind. Code § 35-44.1-2-3 (2016).

[3] Ind. Code § 9-21-8-52 (2016).

[4] Ind. Code § 9-24-18-1 (2016).

his wife, who told the police that she was driving at the time of the collision. Mosley maintained that he was a passenger in the car. Upon further questioning, Mosley's wife recanted her story and indicated that Mosley had been driving at the time of the collision. During an inventory search of the car prior to towing, police found amphetamine in the console; Mosley did not have a prescription for this substance.

[4] Based upon this incident, Mosley was charged with leaving the scene of an accident with serious bodily injury, a Level 6 felony; possession of a controlled substance, a Class A misdemeanor;[5] false informing, a Class B misdemeanor; reckless driving, a Class A misdemeanor; and operating a motor vehicle without ever receiving a license, a Class C misdemeanor. Mosley and the State entered a plea agreement whereby he would plead guilty to leaving the scene of an accident with serious bodily injury, false informing, reckless driving, and operating a motor vehicle without ever receiving a license, with all remaining counts to be dismissed. The parties also agreed that sentencing would be left to the discretion of the trial court. The trial court sentenced Mosley to an aggregate sentence of 1,455 days. He now appeals that sentence.

---

[5] Ind. Code § 35-48-4-7 (2014).

# Discussion and Decision

[5] Mosley contends his sentence is inappropriate given the nature of his offenses and his character. He asks this Court to impose a sentence of a mere 872 days, which equates to the time he has already served.

[6] Although a trial court may have acted within its lawful discretion in imposing a sentence, article VII, sections 4 and 6 of the Indiana Constitution authorize independent appellate review and revision of sentences through Indiana Appellate Rule 7(B), which provides that we may revise a sentence authorized by statute if, after due consideration of the trial court's decision, we determine that the sentence is inappropriate in light of the nature of the offense and the character of the offender. *Thompson v. State*, 5 N.E.3d 383, 391 (Ind. Ct. App. 2014). However, "we must and should exercise deference to a trial court's sentencing decision, both because Rule 7(B) requires us to give 'due consideration' to that decision and because we understand and recognize the unique perspective a trial court brings to its sentencing decisions." *Stewart v. State*, 866 N.E.2d 858, 866 (Ind. Ct. App. 2007). Such deference to the trial court's judgment should prevail unless overcome by compelling evidence portraying in a positive light the nature of the offense (such as accompanied by restraint, regard, and lack of brutality) and the defendant's character (such as substantial virtuous traits or persistent examples of good character). *Stephenson v. State*, 29 N.E.3d 111, 122 (Ind. 2015). Thus, the question under Appellate Rule 7(B) is not whether another sentence is *more* appropriate; rather, the question is whether the sentence imposed is inappropriate. *King v. State*, 894

N.E.2d 265, 268 (Ind. Ct. App. 2008). The defendant bears the burden of persuading the appellate court that his or her sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

[7] To assess whether a sentence is inappropriate, we look first to the statutory range established for the class of the offenses. Here, Mosley was convicted of Level 6 felony leaving the scene of an accident with serious bodily injury, for which the advisory sentence is one year, with a minimum sentence of six months and a maximum of two and one-half years. Ind. Code § 35-50-2-7(b) (2016). In addition, Mosley was convicted of Class B misdemeanor false informing, for which the maximum sentence is 180 days, and Class A misdemeanor reckless driving, for which the maximum is one year. Ind. Code §§ 35-50-3-3 (1977), -2 (1977). Finally, Mosley was convicted of Class C misdemeanor operating a motor vehicle without ever receiving a license, for which the maximum is sixty days. Ind. Code § 35-50-3-4 (1978). Mosley was sentenced to consecutive terms of two and one-half years for the Level 6 offense, 180 days on the Class B misdemeanor, and one year on the Class A misdemeanor, all of which was concurrent with the sixty days for the Class C misdemeanor. Thus, his aggregate sentence of 1,455 days, or essentially four years, is just shy of the maximum possible sentence.

[8] Next, we look to the nature of the offenses and the character of the offender. As to the nature of the current offenses, we note that Mosley was driving although he knew he had never been licensed to do so. More significantly, his actions caused severe injury to the two motorcycle victims. One of the victims

had to undergo the amputation of one of his legs. The other motorcycle victim suffered a compound fracture of her femur bone in addition to numerous other broken bones, including all of her ribs, every bone in her left foot, her tibia, fibula, knee, collar, and shoulder. As of the date of sentencing, she had endured a great deal of pain, multiple surgeries, and rehabilitation, with more yet to come. Indeed, the court found the victims' amputation and significant, life-long disabilities established the aggravating circumstance of harm, injury, or loss suffered by a victim is significant and greater than the elements necessary to prove the offense.

[9] With regard to the character of the offender, we observe that upon recovering from being dazed by the deployment of his car's air bags, Mosley heard the motorcycle victims screaming and heard others telling them it would be okay and that an ambulance was on its way. Rather than assisting in whatever manner he could, Mosley absconded from the scene, only to return later with his wife to lie to the police about his true involvement in the collision.

[10] Mosley's poor character is also revealed in his criminal history, which the trial court found to be an aggravating factor. Even a limited criminal history can be considered an aggravating factor, *Atwood v. State*, 905 N.E.2d 479, 488 (Ind. Ct. App. 2009), *trans. denied*, and Mosley's history is abundant. As a juvenile, Mosley was charged with auto theft and waived to adult court. He pleaded guilty and was sentenced to three years with two years suspended to probation. However, two probation violations were filed, and his probation was eventually closed as unsatisfactory. As an adult, Mosley has been charged with two felony

counts of auto theft. He pleaded guilty to one count as a C felony and received three years with one suspended; thereafter, a probation violation was filed. Additionally, he was charged with seven counts of B felony armed robbery and alleged to be an habitual offender. He pleaded guilty to all seven counts and admitted to the habitual allegation. He was sentenced to twenty-five years in the DOC, where he acquired multiple official misconduct reports. Furthermore, he was on parole at the time of this offense. That fact is a "substantial consideration" in our assessment of his character. *See Rich v. State*, 890 N.E.2d 44, 54 (Ind. Ct. App. 2008) (determining that defendant's commission of offenses while on probation is significant factor of character in sentencing), *trans. denied*.

[11] Our review also involves consideration of the fact that Mosley was convicted of only one count of leaving the scene of an accident involving serious bodily injury, yet there were two motorcycle victims who were both severely and permanently injured. When a defendant commits the same offense against two victims, enhanced and consecutive sentences seem necessary to substantiate the fact that there were separate harms and separate acts against more than one person. *Serino v. State*, 798 N.E.2d 852, 857 (Ind. 2003).

[12] Mosley points out that he pleaded guilty and that he is remorseful, but these circumstances do not outweigh the substantial aggravators. Mosley has not met his burden of presenting compelling evidence portraying in a positive light the nature of his offenses and his character in order to overcome the trial court's sentencing decision.

# Conclusion

[13]     For the reasons stated, we are unable to conclude that Mosley's four-year

sentence is inappropriate.

[14]     Affirmed.


Baker, J., and Tavitas, J., concur.