## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 09 2020, 9:36 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

William T. Myers
Whitehurst & Myers Law
Marion, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Josiah Swinney
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Leaha A. (Stepler) Fishbaugh,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff,*

March 9, 2020

Court of Appeals Case No.
19A-CR-1965

Appeal from the Huntington
Superior Court

The Honorable Jennifer E.
Newton, Judge

Trial Court Cause No.
35D01-1610-F3-208

**Robb, Judge.**

# Case Summary and Issues

[1] Leaha Fishbaugh[1] pleaded guilty to one count of Level 3 felony dealing in cocaine or a narcotic drug (hydrocodone) and one count of Level 5 felony dealing in cocaine or a narcotic drug (heroin). She was sentenced to sixteen years for the Level 3 dealing count – with fourteen years executed in the Indiana Department of Correction ("DOC") and two years suspended to probation – and a concurrent sentence of four years executed in the DOC for the Level 5 dealing count. Fishbaugh raises one issue for our review, which we expand and restate as two: (1) whether the trial court abused its discretion by considering a material element of her crime as an aggravating circumstance; and (2) whether the trial court abused its discretion by not considering her guilty plea as a mitigating circumstance. Concluding that the trial court did not abuse its discretion, we affirm.

# Facts and Procedural History

[2] On February 24, 2016, Fishbaugh sold heroin to a confidential informant ("CI") who worked for the Huntington City Police Department. The transaction took place in Fishbaugh's room at a local motel and was audio and video recorded. The video recording of the transaction showed

---

[1] In its brief, the State refers to Appellant as "Leaha Stepler." "Stepler" is the last name of Fishbaugh's ex-husband. However, because Appellant has remarried and in her brief lists her last name as "Fishbaugh," we do the same.

Fishbaugh separating the heroin for sale from a five-gram mass of heroin before packaging the purchased heroin. Fishbaugh told the CI that she did not cut her heroin with other substances because she wanted to uphold her reputation as a dealer who sold a "quality product[.]" Sentencing Hearing at 16. Fishbaugh told the CI that, if the CI returned the next day to purchase more heroin, Fishbaugh would lower the price.

[3] Two days later, on February 26, 2016, Fishbaugh sold the CI pills comprised of hydrocodone mixed with acetaminophen. The total weight of the pills was 2.47 grams. The video recording of the February 26 sale showed that it occurred in Fishbaugh's motel room while Fishbaugh was seated on a bed, and that a child between the ages of one and three was lying on the bed while the transaction took place.[2] Fishbaugh told the CI that, if the CI wanted to buy additional drugs, Fishbaugh would have Xanax and Adderall available for purchase at a later date. Fishbaugh explained to the CI that she had already paid for thirty Adderall pills that she had yet to receive.

[4] On October 19, 2016, the State charged Fishbaugh with one count of dealing in cocaine or a narcotic drug (hydrocodone) as a Level 3 felony. The offense was a Level 3 felony because the amount of the drug was at least one gram but less than five grams, and the offense was committed in

---

[2] The evidence of record indicates that the child present during the drug transaction was Fishbaugh's grandchild.

the physical presence of a child less than eighteen years of age with Fishbaugh's knowledge that the child was present and might be able to see or hear the offense. *See* Ind. Code §§ 35-48-4-1 (2014) and 35-48-1-16.5(6) (2014). Fishbaugh was also charged with one count of dealing in cocaine or a narcotic drug (heroin) as a Level 5 felony.

[5] Fishbaugh pleaded guilty in an open plea to both dealing counts. At her sentencing hearing, held on May 23, 2017, Fishbaugh (by counsel) asked the trial court to consider the following as mitigating circumstances:

> [S]he's embarrassed, um, but more importantly she is remorseful, um, for her activities. Um, so we would ask the Court to find a mitigator of remorse. Um, Judge, we'd ask the Court to consider that she did enter a plea voluntarily, uh, she entered an open plea, uh, voluntarily, so she has accepted responsibility for her actions. Um, Judge, she indicates that the reason that she committed this offense is because she was paying, uh, selling dr– drugs effectively to pay for her own addiction. Uh, she does, um, have a drug problem, um, and she wants treatment for that and so we'd ask you to find her substance abuse as a mitigating circumstance.

Sentencing Hearing at 9-10.

[6] The trial court ultimately sentenced Fishbaugh to concurrent sentences of sixteen years in the DOC for the Level 3 felony, with two years suspended

to probation, and four years executed in the DOC for the Level 5 felony.[3]

In its sentencing statement, the trial court explained:

> All right. I'm going to show that the [presentence investigation report (PSI)] is made part of the record. Um, I'm going to find aggravating circumstances of your prior criminal history, including two (2) prior felonies, four (4) prior misdemeanors, [and] five (5) Petitions to Revoke Probation. Um, this case isn't– consists of more than one (1) count and the fact that you had a child present during Count 1, um, I can't even fathom. You put yourself in that situation, yet you put– you[ are] exposing a young child who doesn't have [a] choice to that situation. Drugs are a major problem in our community. Especially, heroine [sic] and what it looks like to me is that you were definitely perpetuating that problem. Um, I don't believe that your [sic] sorry for what you did. I believe your [sic] sorry you got caught and your [sic] sorry you're going to prison. Your knowledge of– your knowledge of drugs and sale– and selling drugs that you told [sic] the Confidential Informant is enough to show me that this isn't just a simple, um, dealing to feed your own habit, um, your [sic] dealing to make money. Therefore, on Count 1 I'm going to sentence you to sixteen (16) years. I will suspend, um, two (2) years of that to Probation. On Count 2, I will sentence you to four (4) years, none, suspended.

*Id.* at 24-25.

[7] On July 13, 2017, Fishbaugh filed a pro se petition for permission to file a belated notice of appeal, stating that she wished to appeal her sentence.

---

[3] The advisory sentence for a Level 3 felony is nine years with a sentencing range of three to sixteen years. Ind. Code § 35-50-2-5(b). The advisory sentence for a Level 5 felony is three years with a sentencing range of one to six years. Ind. Code § 35-50-2-6(b).

However, on July 24, 2017, the trial court summarily denied the petition. Almost two years later, on June 27, 2019, the State Public Defender's office entered its appearance on behalf of Fishbaugh and filed a motion for relief from judgment. The motion was granted by the trial court, and Fishbaugh's petition to file a belated notice of appeal was reinstated. On July 12, 2019, Fishbaugh's counsel filed a verified motion for permission to file a belated notice of appeal, which the trial court granted on July 24, 2019. Fishbaugh now appeals.

# Discussion and Decision

## Abuse of Discretion

### A. Standard of Review

[8] We initially observe that "sentencing decisions rest within the sound discretion of the trial court and are reviewed on appeal only for an abuse of discretion." *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g* 875 N.E.2d 218. An abuse of discretion occurs if the trial court's decision is "clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom." *Id.* The trial court can abuse its discretion by: (1) issuing an inadequate sentencing statement, (2) finding aggravating or mitigating factors that are not supported by the record, (3) omitting factors that are clearly supported by the record and advanced for consideration, (4) or by finding factors that are improper as a matter of law. *See id.* at 490-91.

# B. Aggravating Circumstances

Fishbaugh first contends that the trial court abused its discretion at sentencing because, according to Fishbaugh, the court improperly considered as an aggravating circumstance the presence of a child during the drug deal because the presence of a child is a material element of Level 3 dealing in cocaine or a narcotic drug. It is well-settled that "a material element of a crime may not be used as an aggravating factor to support an enhanced sentence." *McElroy v. State*, 865 N.E.2d 584, 589 (Ind. 2007). If the trial court relies upon an aggravating circumstance that is also a material element of the offense, then the trial court abuses its discretion. *See Gomillia v. State*, 13 N.E.3d 846, 853 (Ind. 2014).

Here, it is not entirely clear that the court found the presence of a child as an aggravating circumstance. In sentencing Fishbaugh (and as provided *supra* ¶ 6), the trial court stated in relevant part:

> *I'm going to find aggravating circumstances of your prior criminal history* . . . . [T]his case . . . consists of more than one (1) count and the fact that you had a child present during Count 1, um, I can't even fathom. You put yourself in that situation, yet you put– you[ are] exposing a young child who doesn't have [a] choice to that situation.

Sentencing Hearing at 24 (emphasis added). The trial court expressly found Fishbaugh's criminal history as an aggravating circumstance. *See, e.g., Deloney v. State*, 938 N.E.2d 724, 732 (Ind. Ct. App. 2010) (holding that a defendant's criminal history is a valid aggravating circumstance), *trans. denied*. The trial

court then *commented* on the fact that the child was present for the drug transaction.

[11] However, even if we were to find that the trial court abused its discretion in considering the presence of a child as an aggravator, we still would find no error in Fishbaugh's sentence. When a trial court improperly applies an aggravator, a sentence enhancement may be upheld if other valid aggravators exist. *Edrington v. State*, 909 N.E.2d 1093, 1097 (Ind. Ct. App. 2009), *trans. denied*. Moreover, a single aggravating factor is sufficient to support an enhanced sentence. *Williams v. State*, 891 N.E.2d 621, 633 (Ind. Ct. App. 2008). Fishbaugh has two prior felony convictions (Class C felony forgery and Class D felony non-support of a dependent child) and four prior misdemeanor convictions. In addition, five petitions to revoke probation have been filed against her. Even a limited criminal history can be considered a valid aggravator. *Atwood v. State*, 905 N.E.2d 479, 488 (Ind. Ct. App. 2009), *trans. denied*. Fishbaugh's criminal history was enough to support her sentence. The trial court did not abuse its discretion in this regard.

## C. Guilty Plea as a Mitigating Circumstance

[12] Fishbaugh next contends that the trial court abused its discretion by failing to consider her guilty plea as a mitigating circumstance. We disagree.

[13] First, a trial court is not obligated to accept a defendant's claim as to what constitutes a mitigating circumstance. *Rascoe v. State*, 736 N.E.2d 246, 249 (Ind. 2000). Secondly, an allegation that the trial court abused its discretion by not

identifying a defendant's guilty plea as a mitigator "requires the defendant to establish that the mitigating evidence is not only supported by the record but also that the mitigating evidence is significant." *Anglemyer*, 875 N.E.2d at 220-21. "[A] guilty plea may not be significantly mitigating when it does not demonstrate the defendant's acceptance of responsibility . . . or when the defendant receives a substantial benefit in return for the plea." *Id.* at 221 (citing *Francis v. State*, 817 N.E.2d 235, 238 n.3 (Ind. 2004) and *Sensback v. State*, 720 N.E.2d 1160, 1165 (Ind. 1999)). Additionally, "[a] guilty plea is not necessarily a mitigating factor where the . . . evidence against the defendant is so strong that the decision to plead guilty is merely pragmatic." *Amalfitano v. State*, 956 N.E.2d 208, 212 (Ind. Ct. App. 2011), *trans. denied*.

[14] At sentencing, the trial court addressed Fishbaugh's assertion that she accepted responsibility for her actions, stating: "I don't believe that your [sic] sorry for what you did. I believe your [sic] sorry you got caught and your [sic] sorry your [sic] going to prison. . . . [Y]our knowledge of drugs and . . . selling drugs . . . is enough to show me that this isn't just a simple, um, dealing to feed your own habit, um, your [sic] dealing to make money." Sentencing Hearing at 24-25. Furthermore, Fishbaugh's decision to plead guilty was surely pragmatic, as the State's case against Fishbaugh, which was premised on two audio and video recorded controlled drug buys, was very strong. Thus, Fishbaugh's argument that the trial court abused its discretion when it did not find her guilty plea to be a significant mitigating circumstance fails.

# Conclusion

In sentencing Fishbaugh, the trial court relied on a valid aggravating circumstance and did not abuse its discretion when it did not recognize Fishbaugh's guilty plea as a significant mitigating circumstance. We affirm Fishbaugh's sentence.

Affirmed.

Bradford, C.J., and Altice, J., concur.