**Danny Junior FENIX,
Defendant-Appellant,**

v.

**STATE of Indiana, Plaintiff-Appellee.**

**No. 3–182A6.**

Court of Appeals of Indiana,
Third District.

Aug. 11, 1982.

---

Max E. Reed, Reed & Earhart, Warsaw, for defendant-appellant.

Linley E. Pearson, Atty. Gen., James W. Turpen, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

GARRARD, Judge.

The appellant, Fenix, was charged with rape, deviate conduct and child molesting. A jury found him not guilty of the first two charges but guilty of the third. On appeal he asserts the evidence was insufficient in view of his special defense which claimed his reasonable belief that the victim was sixteen (16) years of age or older.

The statute proscribing the offense of child molesting, IC 35–42–4–3, provides:

"(e) It is a defense that the accused person reasonably believes that the child was sixteen (16) years of age or older at the time of the conduct."

■ For the defense to prevail it is clear that the statute requires both the subjective element of actual belief by the accused and the objective element that such belief be reasonable under the circumstances.

Of course, on appeal we may neither re-weigh the evidence nor redetermine questions of credibility. Our review is limited to ascertaining whether there was evidence of probative value from which the jury could have concluded the presence of each element of the offense.

■ Moreover, while the state must prove the accused guilty beyond a reasonable doubt, it need not introduce evidence to specifically negate the defense. It is sufficient that the evidence in its entirety establishes guilt. *See, e.g., Smith v. State* (1980), Ind.App., 403 N.E.2d 869.

■ In the case at bar Fenix admitted that when he talked to the police about two weeks after the night in question he told them that he believed the girl was fifteen (15) years old (which she was). In addition the jury had opportunity to view the girl's appearance at the trial approximately five months after the date of the offense.

Thus, despite Fenix' asserted evidence that the girl might have reasonably appeared to be sixteen and his in-trial assertion that he thought she was about his own age, the jury could reasonably have determined that his subjective belief was that the girl was under sixteen. Accordingly, his special defense failed. As there was

undisputed evidence that the parties engaged in intercourse and fellatio, the evidence sustains the conviction. IC 35–42–4–3(c).

Affirmed.

HOFFMAN, P. J., and STATON, J., concur.