Ryan MOON, Appellant–Defendant,

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 27A02–0408–CR–687.

Court of Appeals of Indiana.

March 9, 2005.

Rehearing Denied May 9, 2005.

---

**5.** The Act does state that the total amount of the payments may exceed $100,000. *See* Ind. Code § 34–18–14–1.

Craig Persinger, Marion, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Jodi Kathryn Stein, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

VAIDIK, Judge.

### Case Summary

After twenty-seven-year-old Ryan Moon had sexual intercourse with a fourteen-year-old girl, he was convicted of sexual misconduct with a minor and received the maximum sentence. On appeal he argued that he should not have had the burden to prove the defense that he reasonably believed that his victim was older than fifteen; that his sentencing enhancement violated the Sixth Amendment; and that the trial court should not have rejected a proffered mitigator. We affirm, holding that the burden to prove the "reasonable belief" defense properly may be placed on a defendant charged with sexual misconduct

with a minor and that the sentence was within the trial court's discretion.

## Facts and Procedural History

The facts most favorable to the judgment show that around midnight on December 17, 2003, J.V., age thirteen, sneaked out of her grandparents' home to meet a friend at McCulloch Middle School. Because the weather was cold and she had a long distance to travel, J.V. hitchhiked.

Ryan L. Moon, age twenty-seven, picked up J.V. and drove her to McCulloch. When they could not find J.V.'s friend, Moon asked her if she wanted to come to his house, and she agreed. In the car, J.V. told Moon that she attended McCulloch, a school for students in grades 5 through 8, and showed him her school photo identification card. That evening, she told Moon that she was 16 years old.

At Moon's home, he turned on a pornographic videotape to watch with J.V. During the video, he unzipped her pants and touched her genitals. He asked her to go to his bedroom several times. The first two times, she declined. On the third invitation, she agreed. In his bedroom, Moon and J.V. had sexual intercourse. He drove her home at approximately 2 a.m.

By January 6, 2004, when Moon and J.V. were again together, J.V. had had her fourteenth birthday. On this date, J.V. and S.R. skipped school and went to Moon's home, which was near McCulloch. They told Moon they had come from McCulloch. During this encounter, J.V., S.R., and Moon all were in Moon's bedroom. Moon asked S.R. to leave, and J.V. and Moon had sexual intercourse again.

Later that day, after the school had informed S.R.'s mother that S.R. was not in school, S.R.'s mother learned from S.R.'s babysitting employer that the girls were likely at Moon's residence. She went to the residence, and when no one would let her in, she called police.

On January 8, 2004, the State charged Moon with one count of Child Molesting as a Class A felony[1] and one count of Sexual Misconduct with a Minor as a Class B felony.[2] After trial, the jury convicted him of sexual misconduct with a minor and acquitted him of child molesting. The trial court sentenced him to a twenty-year term.

## Discussion and Decision

### I. Jury Instruction on Reasonable Belief Defense

■ Moon first questions whether the trial court's instructions to the jury properly placed on Moon the burden to prove the defense that he reasonably believed that J.V. was at least 16 years old. Like Moon, we have found no case discussing the burden of proof on the defense of reasonable belief under Indiana Code § 35–42–4–9.

■ The well-settled standard by which we review challenges to jury instructions affords great deference to the trial court. The manner of instructing the jury lies within the trial court's sound discretion. *Kelly v. State,* 813 N.E.2d 1179, 1185 (Ind.Ct.App.2004), *trans. denied.* In determining whether the trial court abused its discretion regarding challenges to jury instructions we will consider: (1) whether the tendered instruction correctly states the law; (2) whether there was evidence presented at trial to support giving the instruction; and (3) whether the substance of the instruction was covered by other instructions that were given. *Id.* Moon challenges as an incorrect statement of law the trial court's instruction allocating to

---

1. Ind.Code § 35–42–4–3(a)(1).

2. Ind.Code § 35–42–4–9(a)(1).

him the burden to prove that he reasonably believed J.V. to be at least sixteen years old.

Indiana law states that an individual older than twenty-one commits sexual misconduct with a minor as a Class B felony when he participates in sexual intercourse or deviate sexual conduct with an individual older than fourteen but younger than sixteen. I.C. § 35–42–4–9(a). The statute also sets forth a defense: "It is a defense that the accused person reasonably believed that the child was at least sixteen (16) years of age at the time of the conduct." *Id.* at (c).

The trial court's Final Instruction No. 3 defined the crime of sexual misconduct with a minor. It then stated: "It is a defense that the defendant reasonably believed that [J.V.] was sixteen years of age or older. If the defendant proved this by a preponderance of the evidence, you must find the defendant not guilty of sexual misconduct with a minor . . . ." Appellant's App. p. 95 (capitalization omitted).

The trial court's Final Instruction No. 4 elaborated on this language: "For the defense of mistaken belief to prevail, the defendant bears the burden of proving by a preponderance of the evidence that: (1) the defendant had the actual belief that the child was sixteen years of age or older; and (2) the belief was reasonable under the circumstances." *Id.* at 96 (capitalization omitted; parentheses added).

Moon proffered a different instruction, allocating the burden of proof to the State:

Regarding the Charges in Count # 2, Sexual Misconduct with a Minor, a Class B Felony, it is an issue whether the accused mistakenly committed the acts charged.

Specifically, it is a defense if the accused person (Ryan Moon) reasonably believed that the child (J.V.) was sixteen

(16) years of age or older at the time of the alleged offense. (On or about January 6, 2004). The State has the burden of proving beyond a reasonable doubt that the accused was not reasonably mistaken in his belief that the child was 16 years of age or older at the time of the offense.

In determining whether the accused's belief was reasonable, you must determine whether a reasonable person in his position would have had such a belief. This means that you must consider all the circumstances in deciding whether his belief was reasonable.

If you have a reasonable doubt about whether a reasonable person in the accused's situation would have had such a belief, you must give the accused the benefit of the doubt and find that the belief was reasonably held.

*Id.* at 59. Moon presented the trial court pattern jury instructions on mistake of fact defenses and other authority supporting his proffered instruction.

■ The trial court's instruction was a correct statement of law because the mistaken belief defense in Indiana Code § 35–42–4–9 does not negate an element of the crime; if believed, the defense only reduces Moon's culpability for acts he admits that he committed. Because the mistaken belief defense does not negate an element, the burden to prove the defense properly may be placed on the defendant. It is well settled that the State has the burden of proving all elements of a charged crime beyond a reasonable doubt. *Francis v. Franklin,* 471 U.S. 307, 317–18, 105 S.Ct. 1965, 85 L.Ed.2d 344 (1985); *Powers v. State,* 540 N.E.2d 1225, 1227 (Ind.1989), *reh'g denied.* The burden of proving a defense may be placed on the defendant so long as proving the defense does not require the defendant to negate an element of the crime. *Martin v. Ohio,* 480 U.S.

228, 233–34, 107 S.Ct. 1098, 94 L.Ed.2d 267 (1987) (positing that state law may assign defendant burden of proof on defense of self-defense); *Moore v. State,* 673 N.E.2d 776, 779 (Ind.Ct.App.1996), *trans. denied.*

 If the defense specifically negates an element of the crime, however, the State has the burden to prove beyond a reasonable doubt the absence of the defense. *Blatchford v. State,* 673 N.E.2d 781, 782–83 (Ind.Ct.App.1996). States may assign burdens of proof relating to defenses to either the State or the defendant, so long as the State still retains the burden of proving the elements. *Martin,* 480 U.S. at 233–34, 107 S.Ct. 1098; Wayne R. LaFave & Austin W. Scott, Jr., *Criminal Law* § 8, p. 47–49 (1972). The Model Penal Code also indicates that the burden to prove a defense may be placed upon the defendant. Model Penal Code § 1.12(4).

As relevant to Moon's conviction, the statutory elements of Sexual Misconduct with a Minor are: (1) a person over age twenty-one who, (2) with a child at least age fourteen but less than age sixteen, and (3) performs sexual intercourse or deviate sexual conduct. I.C. § 34–42–4–9(a). As the trial court correctly instructed the jury (without objection from Moon), a *mens rea* of "knowingly" applies to the crime. Appellant's App. p. 94; *see also Warren v. State,* 701 N.E.2d 902, 905 (Ind.Ct.App. 1998), *trans. denied* (holding criminal intent as to the act is required in crime of Sexual Misconduct with a Minor); *Louallen v. State,* 778 N.E.2d 794, 797 (Ind.2002) (holding "knowing" intent implied in Child Molesting statute). The defendant's *knowledge of* the victim's age is not an element of the crime, so Moon's contention that his reasonable belief that J.V. was at least sixteen negates an element of the crime is incorrect.

 Rather, a defendant's reasonable belief that his victim is age sixteen or older is a defense under the specific terms of the statute. Such a defense "admits all the elements of the crime but proves circumstances which excuse the defendant from culpability." *Butrum v. State,* 469 N.E.2d 1174, 1176 (Ind.1984). When a defense only addresses the defendant's culpability, the defendant may be assigned the burden to prove the defense by a preponderance of evidence. *Newson v. State,* 785 N.E.2d 1155, 1157 (Ind.Ct.App.2003). In prosecutions under the child molesting statute, which has a similarly worded "reasonable belief" defense, the defendant must prove the reasonable belief defense by a preponderance. *Fenix v. State,* 438 N.E.2d 1005, 1006 (Ind.Ct.App.1982) (addressing Ind. Code § 35–42–4–3 (1981 Supp.)).

The law regularly places the burden upon a criminal defendant to prove defenses that address culpability. *See, e.g., Carson v. State,* 807 N.E.2d 155, 159 (Ind.Ct. App.2004) (insanity defense); *Brown v. State,* 790 N.E.2d 1061, 1064 (Ind.Ct.App. 2003) ("unloaded firearm" defense under Ind.Code § 35–47–4–3); *Newson,* 785 N.E.2d at 1157 (defense of transporting a student to school under Ind.Code § 34–47–9–2); *Weida v. State,* 778 N.E.2d 843, 848 (Ind.Ct.App.2002) (abandonment); *Cooper v. State,* 760 N.E.2d 660, 667 (Ind.Ct.App. 2001), *trans. denied* (previous incarceration as defense to nonpayment of child support). The burden may also apply to the State. *Blunt–Keene v. State,* 708 N.E.2d 17, 19 (Ind.Ct.App.1999) (state has burden to prove defense of laches in postconviction proceeding).

Moon's analogy to the mistake of fact defense—where the burden is on the State to prove beyond a reasonable doubt that there was no mistake—is misplaced. *See* Ind.Code § 35–41–3–7 (codifying mistake of fact defense). In two of the cases he relies on, mistake of fact was asserted to disprove an element of the offense. *Ring-*

*ham v. State,* 768 N.E.2d 893 (Ind.2002), *reh'g denied* (asserting mistake of fact as to consent, negating the element of force or threat of force in rape); *Nordstrom v. State,* 627 N.E.2d 1380 (Ind.Ct.App.1994) (asserting mistake of fact as to whether gun was loaded, negating intent as to reckless homicide). In the third case Moon cites, *Hoskins v. State,* 563 N.E.2d 571 (Ind.1990), our supreme court found that the evidence did not support a mistake of fact defense but only served as evidence to support self-defense. *Id.* at 576.

*Hoskins* and the self-defense and entrapment cases Moon cited in his reply brief illustrate another method for allocating the burden of proof on a defense that does not negate an element of the crime. Self-defense (codified at Ind.Code § 35–41–3–2) and entrapment (codified at Ind. Code § 35–41–3–9) both are defenses of justification, admitting that the facts of the crime occurred but contending that the acts were justified. *See, e.g., Jennings v. State,* 262 Ind. 476, 318 N.E.2d 358, 359 (1974) (holding self-defense is justification); *Hoskins,* 563 N.E.2d at 576 (listing entrapment as justification). As such, these defenses negate no element of the crime. *Id.* Indiana has allocated the burden as to these defenses in two steps. First, the defendant must produce evidence raising the defense. *Hobson v. State,* 795 N.E.2d 1118, 1121 (Ind.Ct.App. 2003) (self-defense); *Townsend v. State,* 418 N.E.2d 554, 557–58 (Ind.Ct.App.1981) (entrapment). Second, the State must negate at least one element of the defense beyond a reasonable doubt. *Hobson,* 795 N.E.2d at 1121 (self-defense); *Scott v. State,* 772 N.E.2d 473, 474–75 (Ind.Ct.App. 2002). This allocation of the burden is not constitutionally required, *Martin,* 480 U.S. at 233–34, 107 S.Ct. 1098, but it is permissible. *See* Model Penal Code § 3.01, comment 1, pp. 5–6 (law may give defendant burden to produce evidence of defense,

then shift burden to government to disprove defense).

Moon's assertion that he reasonably believed J.V. to be at least sixteen does not negate an element of the offense. There is, therefore, no error in assigning to Moon the burden to prove his reasonable belief by a preponderance of evidence, nor is there error in the trial court's corresponding instruction to the jury.

## II. Sentencing

### A. Aggravating Circumstances

■■■ Moon next contends that his sentence was improperly enhanced. He relies on the United States Supreme Court's recent decision in *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), *reh'g denied,* and argues that his Sixth Amendment right to have the facts supporting the enhancement of his sentence tried to a jury was violated. *Blakely* applied the rule of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), to a state sentencing scheme and found that it was unconstitutional. "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Blakely,* 124 S.Ct. at 2536–38 (quoting *Apprendi,* 530 U.S. at 490, 120 S.Ct. 2348). According to the *Blakely* court, "the 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.*" *Id.* at 2537 (emphasis added). *Blakely* implicates Indiana's sentencing scheme. *See Strong v. State,* 817 N.E.2d 256, 262 258–61 (Ind. Ct.App.2004), *aff'd on reh'g,* 820 N.E.2d 688 (Ind.Ct.App.2005). The State also argues that Moon waived this issue by failing to raise it at trial. Because we find that

the sentence does not implicate *Blakely,* we need not address the waiver argument. *Berry v. State,* 819 N.E.2d 443, 454 (Ind. Ct.App.2004).

In this case, Moon was convicted of a Class B felony, which carries a presumptive sentence of ten years' imprisonment. Up to ten years may be added to the presumptive sentence if aggravating circumstances are present. Ind.Code § 35–50–2–5. Moon was sentenced to twenty years. The aggravating circumstances found by the judge were: (1) Moon's history of criminal and delinquent activity; (2) Moon's need for correctional or rehabilitative treatment best provided by his commitment to a penal facility because of his criminal history, including committing crimes while on home detention and day reporting; (3) the risk that Moon would commit another crime, based on his past crimes and probation violations and failure to register as a sex offender; and (4) Moon's character, including a "criminal thinking pattern" and a tendency to blame others, including J.V.'s grandparents and J.V. herself, for his crime.

The presentence report notes Moon's past convictions for criminal confinement, resisting law enforcement, escape, contributing to the delinquency of a minor, and public intoxication, and the trial court recited them. Moon also violated probation.

As to the first aggravator, the trial court noted that Moon had five prior criminal convictions. These convictions have already been proven beyond a reasonable doubt and are thus exempt from the *Apprendi* rule as explained in *Blakely. See Blakely,* 124 S.Ct. at 2536. The second and third aggravators derive from the criminal history aggravator and would seem not to implicate *Blakely. See Carson v. State,* 813 N.E.2d 1187, 1189 (Ind. Ct.App.2004) (aggravators derivative of criminal history do not implicate *Blakely* ).

The fourth aggravator—that Moon exhibits a "criminal thinking pattern"—is problematic under *Blakely* because it was neither proved beyond a reasonable doubt nor admitted by Moon. But because a single aggravating circumstance is adequate to justify a sentence enhancement, *Powell v. State,* 769 N.E.2d 1128, 1135 (Ind.2002), *reh'g denied,* the invalidity of the fourth aggravator would have no effect on Moon's ultimate sentence. *See Carson,* 813 N.E.2d at 1189 (holding that a single aggravating circumstance supports an enhanced sentence even if other aggravators are invalid under *Blakely* ).

### B. Mitigating Circumstances

We also reject Moon's argument that the trial court should have found as a mitigating factor that J.V. facilitated the offense. *See* Ind.Code § 35–38–1–7.1(c)(3) (listing facilitation as statutory mitigator). Moon argues that J.V. facilitated the crime by skipping school on January 6, 2004, and instead visiting Moon's house. Br. of Appellant p. 13.

It is well-settled that a trial court is not required to find mitigating circumstances, nor is it obligated to accept as mitigating each of the circumstances proffered by the defendant. *Ousley v. State,* 807 N.E.2d 758, 761–62 (Ind.Ct.App. 2004). Accordingly, the finding of a mitigating circumstance is within the trial court's discretion. *Id.* A court does not err in failing to find mitigation when the presence of a mitigating circumstance is highly disputable in nature, weight, or significance. *Id.* We review a trial court's sentencing decisions, including a trial court's decision to depart from the presumptive sentence because of aggravating or mitigating circumstances, only for abuse of discretion. *Means v. State,* 807 N.E.2d 776, 788 (Ind.Ct.App.2004), *trans. denied.*

The trial court was not required to give weight to Moon's proffered mitigator.

First, the mitigator is not clearly supported by the record. *See Battles v. State*, 688 N.E.2d 1230, 1236–37 (Ind.1997) (opining that a trial court may not ignore mitigating circumstances clearly supported by the record). The record shows clearly that the initial sexual contact between Moon and J.V. was initiated entirely by Moon, who picked up J.V., took her to his home, showed her a pornographic video, unzipped her pants, and solicited her three times to have sex with him before she accepted. That a later encounter occurred when J.V. skipped school to go to Moon's home is not clearly mitigating, especially because Moon had full power to keep the sexual activity from taking place.

Also, the trial court was not required to give weight to the proffered mitigator because of J.V.'s age. The law already establishes that a victim younger than sixteen cannot consent to sexual contact. *See, e.g., Williams v. State*, 178 Ind.App. 554, 383 N.E.2d 416, 418 (1978) (applying former rape statute, Ind.Code § 35–13–4–3). This principle, which is at the heart of the prohibitions against child molesting and sexual misconduct with a minor, vitiates minor victims' ability to facilitate these crimes as well. The trial court therefore did not abuse its discretion in declining to give weight to the mitigator Moon suggested.

Because the trial court found three aggravating factors that do not violate the principles of *Blakely* and did not abuse its discretion in rejecting a proffered mitigator, there is no sentencing error.

We affirm the trial court's judgment.

NAJAM, J., concurs.

KIRSCH, C.J., concurs as to Part I and concurs in result as to Part II.