## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 27 2016, 7:51 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Timothy J. Burns
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Tyler G. Banks
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Mark H. Greedy, *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, *Appellee-Plaintiff* | September 27, 2016 <br><br> Court of Appeals Case No. 49A04-1512-CR-2324 <br><br> Appeal from the Marion Superior Court <br><br> The Honorable Steven J. Rubick, Magistrate <br><br> Trial Court Cause No. 49G07-1508-CM-30942 |

**Mathias, Judge.**

[1]     The State charged Mark Greedy ("Greedy") with the battery and bodily injury of Karen Hiser ("Hiser"), his housemate. Greedy was convicted after a bench

trial in Marion Superior Court. He now attacks his conviction on the grounds of insufficient evidence and the failure of his affirmative defense of self-defense.

We affirm.

### Facts and Procedural Posture

In August 2015, Greedy and Hiser lived together as housemates in Greedy's Indianapolis home. On August 28, 2015, Hiser was entertaining two friends, Jay and Alissa, whom Greedy did not like. As a result, Hiser reported, Greedy engaged in a sustained campaign of harassment of Hiser and her friends in an attempt to drive Jay and Alissa from his house. That campaign ended in violence early in the morning of August 29, when Hiser followed Greedy into her bedroom to speak with him. As she turned the corner into the room, a cane-wielding Greedy struck Hiser twice across the face. Jay and Alissa fled; Hiser took refuge at her mother's house and called the police.

Officers of the Indianapolis Metropolitan Police Department ("IMPD") were dispatched to Hiser's mother's home, where they took Hiser's statement and photographs of her face. Those photographs show swelling, bruising, and possibly a cut. Later in the morning of August 29, IMPD officers accompanied Hiser to Greedy's house, where Hiser collected some belongings and officers interviewed, photographed, and then arrested Greedy for battering Hiser. Greedy told the officers that Hiser attacked him and he retaliated.

Greedy was charged with battery causing bodily injury, a Class A misdemeanor. His case was tried to the bench in Marion Superior Court on

December 3, 2015. Hiser and two responding IMPD officers testified for the State; Greedy did not testify and presented no evidence in his defense. The court found Greedy guilty and sentenced him to thirty days' confinement in the Marion County jail. This appeal followed.

## Whether Greedy's Guilt Was Proved by Sufficient Evidence

[6] The State bears the burden of proving all elements of the crime charged beyond a reasonable doubt. *Powers v. State*, 540 N.E.2d 1225, 1227 (Ind. 1989). On direct appeal, a defendant may attack his conviction as unsupported by evidence sufficient to have satisfied the State's burden.

[7] When reviewing the sufficiency of the evidence, we neither reweigh the evidence nor reevaluate its credibility. *Henley v. State*, 881 N.E.2d 639, 652 (Ind. 2008). Rather, we view the facts of the case and the reasonable inferences to be drawn from them in the light most favorable to the judgment. *Bailey v. State*, 907 N.E.2d 1003, 1005 (Ind. 2009). We affirm unless no reasonable trier of fact could have found the elements of the crime proved beyond a reasonable doubt. *Drane v. State*, 867 N.E.2d 144, 146–47 (Ind. 2007). A conviction may be upheld even if supported only by the uncorroborated testimony of a single witness, including the victim's. *Bailey v. State*, 979 N.E.2d 133, 135 (Ind. 2012).

[8] Here, Hiser testified that Greedy hit her with a cane twice across the face. Tr. p. 7-8. An IMPD officer testified to Greedy's own statement that Greedy had "fought" Hiser. *Id.* at 33. The photographic evidence, taken within hours of the incident, showed bruising, swelling, and possibly a cut on Hiser's face. Ex. Vol.,

State's Ex. 2, Def.'s Ex. B. No more is required for us to uphold the trial court's judgment that Greedy knowingly touched Hiser in a rude, insolent, or angry manner so as to cause her bodily injury, *see* Ind. Code § 35-42-2-1(c) (2015), and was thus guilty of the crime charged.

[9] Greedy argues that the record will bear, at most, a finding of "mutual combat," but not battery. Appellant's Br. at 10. This argument is unavailing. Combat does not excuse or preclude battery because first aggression is not an element of the offense. *See* I.C. § 35-42-2-1(c) (2015). Two combatants are generally batterers of one another by definition, and it is entirely within the discretion of the prosecutor to charge either, both, or neither. *Cain v. State*, 955 N.E.2d 714, 718 (Ind. 2011) ("Prosecutors have broad discretionary power to choose the persons whom they prosecute . . . ."). Indeed, the trial court was willing to credit the defense's claim that "there was a mutual fight" between Greedy and Hiser, Tr. p. 45, but concluded that this does not acquit Greedy of battery. We agree.

## Whether Greedy's Defense of Self-Defense Was Raised and Then Disproved by Sufficient Evidence

[10] We review challenges to the sufficiency of the evidence rebutting an accused's defense under the same standard as any sufficiency challenge. *Wilson v. State*, 770 N.E.2d 799, 801 (Ind. 2002). We neither reweigh evidence nor reevaluate witness credibility. *Id.* The evidence is viewed in the light most favorable to the judgment below, which will not be disturbed unless no reasonable trier of fact could have reached the same conclusion. *Id.*

Because the State is required to prove the elements of its case beyond a reasonable doubt, due process requires careful allocation of burdens of proof with respect to an accused's defenses. *See Mullaney v. Wilbur*, 421 U.S. 684 (1975). Of self-defense, it is usually said, "[w]hen a claim of self-defense is raised and finds support in the evidence, the State has the burden of negating at least one of the necessary elements" of the defense. *Wilson*, 770 N.E.2d at 800. If a defendant is convicted despite such a claim, the conviction will be upheld on review unless no reasonable trier of fact could have found the defense negated beyond a reasonable doubt. *Id.* at 800-01.

At the threshold, it is therefore necessary to decide whether the State's burden has attached, that is, whether a claim of self-defense has been "raised" and "found support in the evidence."

Self-defense is an affirmative defense of justification, "admitting that the facts of the crime occurred but contending that the acts were justified." *Moon v. State*, 823 N.E.2d 710, 716 (Ind. Ct. App. 2005), *trans. denied*. Indiana has allocated the burden as to these defenses in two steps. *Id.* The first step requires the defendant to produce evidence raising the defense. *Id.* This burden is sometimes referred to as the burden of production. *Hirsch v. State*, 697 N.E.2d 37, 43 (Ind. 1998) (quoting 2 Paul H. Robinson, *Criminal Law Defenses* § 132 (1984)) ("The burden of production for the defense of self-defense is always on the defendant."). *See also Moore v. State*, 673 N.E.2d 776, 779 (Ind. Ct. App. 1996) (defining "burden of production" as "the burden of producing enough evidence

such that [submission of the defense to the fact-finder] is warranted"), *trans. denied.*

[14] This allocation differs from that required by defenses of mitigation, claims which mitigate but do not wholly excuse the defendant's culpability. *Adkins v. State*, 887 N.E.2d 934, 938 (Ind. 2008) (discussing "sudden heat" as a mitigation defense to murder and holding an unloaded weapon to be a mitigation defense to pointing a firearm). In such cases, the defendant bears "only the burden of placing the issue in question where the State's evidence has not done so." *Id.* By contrast, in the affirmative defense of self-defense, the defendant bears the burden of production or the initial burden of proof, and "cannot make exculpatory statements outside court, present no evidence in defense, preclude the state from cross-examining the assertions, and then be entitled to have the self-serving statements constitute substantive evidence" supporting submission of the defense to the trier of fact. *Dearman v. State*, 743 N.E.2d 757, 761 (Ind. 2001) (quoting *Battles v. State*, 688 N.E.2d 1230, 1234 (Ind. 1997)) (distinguishing defense of accident, on which the accused bears the initial burden, from defenses of mitigation like sudden heat).

[15] In this light, we conclude that Greedy did not carry even the modest burden the law placed on him. The record discloses no notice to the trial court that Greedy intended to rely on the defense of self-defense. *See* Appellant's App. pp. 7–11 (chronological case summary). Greedy himself did not testify, was thus unavailable for cross-examination, and presented no evidence at trial. Tr. p. 42. His closing argument did not so much as gesture in the direction of the defense

but was devoted entirely to attacking Hiser's credibility. *Id.* at 43-44. Before rendering judgment, the trial court made a brief statement of its findings which did not apparently contemplate self-defense. *See id.* at 45-46 (finding a "mutual fight" occurred without finding a first aggressor). The sole reference made at trial to any such claim was Greedy's out-of-court statement to an IMPD officer that Hiser attacked him first, a statement elicited from the officer on direct examination by the State. *Id.* at 33. The statement was not thereafter referenced, even on cross-examination of the testifying officer by Greedy's counsel. *See id.* at 35-41. Greedy was therefore not entitled to have his affirmative defense submitted to the trier of fact for consideration, and it will not be considered for the first time on appeal. *Lafary v. Lafary*, 476 N.E.2d 155, 159 (Ind. Ct. App. 1985). *See also Clemons v. State*, 996 N.E.2d 1282, 1285 (Ind. Ct. App. 2013) (citing Ind. Trial Rule 8(C) ("A responsive pleading shall set forth affirmatively and carry the burden of proving . . . any other matter constituting an . . . affirmative defense.")), *trans. denied*.

[16]   In any event, consideration of Greedy's claim on the merits would be of no value to him. Self-defense generally does not shield an accused from liability if he participated willingly in the violence. *Wilson*, 770 N.E.2d at 800. In such cases, a mutual combatant must first declare an armistice before claiming self-defense. *Id.* at 801; I.C. § 35-41-3-2(g)(3).

[17]   As noted above, the trial court was willing to credit the defense's claim of a "mutual fight" between Greedy and Hiser. Tr. p. 45. However, no evidence at all appears in the record that would support the claim that Greedy withdrew

from combat, declared an armistice, and was then again threatened or attacked by Hiser. Greedy's self-defense claim would therefore fail on the merits.

[18] More than sufficient evidence appears in the record to support Greedy's conviction for battery causing bodily injury. Greedy failed to raise properly the defense of self-defense. Even had he done so, no evidence favorable to the judgment would support that defense. His conviction must therefore stand.

[19] Affirmed.

Robb, J., and Brown, J., concur.