## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 21 2019, 9:04 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

| APPELLANT PRO SE | ATTORNEYS FOR APPELLEE |
|---|---|
| Arturo Strickland<br>New Castle, Indiana | Curtis T. Hill, Jr.<br>Attorney General of Indiana |
| | J. T. Whitehead<br>Deputy Attorney General<br>Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Arturo Strickland,<br>*Appellant-Petitioner,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Respondent.* | August 21, 2019<br><br>Court of Appeals Case No.<br>18A-PC-1068<br><br>Appeal from the Wayne Superior Court<br><br>The Honorable Gregory A. Horn, Judge<br><br>Trial Court Cause No.<br>89D02-1412-PC-28 |

**Tavitas, Judge.**

## Case Summary

Arturo Strickland, pro se, appeals the post-conviction court's ("PC court") denial of his petition for post-conviction relief ("PCR"). We affirm.

## Issue

Strickland raises three issues on appeal, which we consolidate and restate as whether Strickland received ineffective assistance of trial counsel.

## Facts

In March 2012, Strickland was charged with sexual misconduct with a minor, a Class B felony, and with being a habitual offender after fourteen-year-old C.C. alleged that twenty-nine-year-old Strickland forced C.C. to have sexual intercourse with him.

Strickland's counsel proposed a jury instruction regarding attempted sexual misconduct with a minor, which the trial court accepted. The jury convicted Strickland of attempted sexual misconduct with a minor, a Class B felony. After the State's presentation of evidence on the habitual offender enhancement, Strickland's counsel moved for judgment on the evidence, which the trial court granted. Strickland was sentenced to sixteen years imprisonment. Strickland initially filed a direct appeal, then subsequently requested this Court dismiss the appeal.

On December 4, 2014 Strickland filed a PCR petition alleging ineffective assistance of trial counsel. Strickland filed amended petitions on August 24,

2015, and October 21, 2016. On June 29, 2017, and November 30, 3017, a hearing was held on Strickland's PCR petition. Strickland appeared pro se. Strickland argued that he received ineffective assistance of trial counsel for three reasons: (1) failure of trial counsel to offer an abandonment defense; (2) failure of trial counsel to object to jury instruction number eleven ("Instruction 11"); and (3) failure of trial counsel to challenge Strickland's sentence.

[6] After the hearing, the PC court entered findings of fact and conclusions of law and denied Strickland's PCR petition. The PC court reviewed Instruction 11, which stated:

> The Defendant has the burden of proving his defense that he reasonably believed that [C.C.] was sixteen (16) years of age or older at the time of the occurrence. Defendant must prove this defense by a preponderance of the evidence. When I say that a party has the burden to prove an issue by a preponderance of the evidence, I mean by the greater weight of the evidence. A greater number of witnesses testifying to a fact on one side or a greater quantity of evidence introduced on one side is not necessarily of the greater weight. The evidence given upon a fact that convinces you most strongly of its truthfulness is of the greater weight.

Jury Trial Tr. Vol. II p. 81. In doing so, the PC court found that, despite Strickland's argument that Instruction 11 was in error, Strickland "refers to absolutely no authority suggesting how the instruction is incorrect." Appellant's App. Vol. II pp. 12-13. Accordingly, the PC court concluded that Instruction 11 was a correct statement of law. The PC court further concluded that Strickland's trial counsel's tactical approach to offer Instruction 11 was

reasonable in light of the evidence presented at trial. Furthermore, the PC court also indicated that the evidence presented at trial did not support an instruction for abandonment. Despite Strickland's argument that his trial counsel failed to object to Strickland's sentence as above the advisory sentence, the trial court weighed the aggravating and mitigating factors to reach that conclusion, and found this claim was not proper for a PCR petition. Strickland now appeals.

## Analysis

[7] Strickland appeals the denial of his PCR petition. Our Supreme Court has stated:

> The petitioner in a post-conviction proceeding bears the burden of establishing grounds for relief by a preponderance of the evidence. When appealing from the denial of post-conviction relief, the petitioner stands in the position of one appealing from a negative judgment. To prevail on appeal from the denial of post-conviction relief, a petitioner must show that the evidence as a whole leads unerringly and unmistakably to a conclusion opposite that reached by the post-conviction court. [Where, as here, a post-conviction court has made findings of fact and conclusions of law in accordance with Indiana Post-Conviction Rule 1(6), we] do not defer to the post-conviction court's legal conclusions[.] A post-conviction court's findings and judgment will be reversed only upon a showing of clear error – that which leaves us with a definite and firm conviction that a mistake has been made.

*Hollowell v. State,* 19 N.E.3d 263, 268-69 (Ind. 2014) (internal quotations and citations omitted). As the clearly erroneous standard "is a review for sufficiency of evidence, we neither reweigh the evidence nor determine the

credibility of witnesses." *State v. Greene,* 16 N.E.3d 416, 418 (Ind. 2014). "Rather, we 'consider only the evidence that supports that judgment and the reasonable inferences to be drawn from that evidence.'" *Id.* (*quoting Ben-Yisrayl v. State,* 738 N.E.2d 253, 258-59 (Ind. 2000), *cert. denied,* 534 U.S. 1164, 122 S. Ct. 1178 (2000)).

[8] Strickland contends that he received ineffective assistance of trial counsel in several regards. To prevail on a claim of ineffective assistance of counsel, a petitioner must demonstrate both that: (1) his or her counsel's performance was deficient, and (2) the petitioner was prejudiced by the deficient performance. *Ben-Yisrayl v. State*, 729 N.E.2d 102, 106 (Ind. 2000) (citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984)), *reh'g denied*, *cert. denied*, 534 U.S. 830, 122 S. Ct. 73 (2001). The failure to satisfy either prong will cause the claim to fail. *Grinstead v. State*, 845 N.E.2d 1027, 1031 (Ind. 2006). Ineffective assistance of counsel claims, thus, can be resolved by a prejudice analysis alone. *Id.*

[9] An attorney's performance is deficient if it falls below an objective standard of reasonableness based on prevailing professional norms. *Woodson v. State*, 961 N.E.2d 1035, 1041 (Ind. 2012). A strong presumption arises that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *McCullough v. State*, 973 N.E.2d 62, 74 (Ind. Ct. App. 2012), *trans. denied*. "[A] defendant must offer strong and convincing evidence to overcome this presumption." *Id.* Isolated poor strategy,

inexperience, or bad tactics does not necessarily constitute ineffective assistance of counsel. *Id.*

[10] In order to demonstrate prejudice, "the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Weisheit v. State,* 109 N.E.3d 978, 983 (Ind. 2018) (quoting *Strickland,* 466 U.S. at 694, 104 S. Ct. 2052).

## A. Strickland's Defense

[11] Strickland first argues that he received ineffective assistance of trial counsel because his trial counsel failed to provide him with a defense. Strickland appears to contend that his trial counsel should have set forth the defense of abandonment and that trial counsel's failure to do so meant Strickland received ineffective assistance of counsel. At the trial, the State played Strickland's interview with police in which Strickland claimed that he and C.C. were together in Strickland's room when C.C. asked Strickland if he would have sexual intercourse with C.C. while Strickland was positioned behind C.C. Strickland indicated that he attempted to do so; however, Strickland was unable to do so due to C.C.'s size. At the PCR hearing, Strickland's trial counsel indicated that he did not believe the abandonment defense applied to Strickland's case.

[12] Strickland's defense of abandonment rests on his assertion that, although he stopped short of completing the sexual act due to C.C.'s size, he could have persisted and "completed" the act but chose not to because C.C. felt like a family member to him. Appellant's Br. p. 18. Strickland contends that his trial counsel's error was demonstrated by trial counsel's motion for a lesser included instruction, wherein trial counsel indicated that there was "evidence present to the effect that the Defendant abandoned an attempt at the crime charged. . . ." Appellant's App. Vol. II p. 30. According to Strickland, therefore, his trial counsel should have also requested an instruction on abandonment.

[13] To prevail on a claim of ineffective assistance for failure to tender a jury instruction, the defendant "must prove that he was entitled to the defense and that he was prejudiced when the jury was not instructed on the defense." *Potter v. State,* 684 N.E.2d 1127, 1135 (Ind. 1997). "The decision of whether or not to present a defense can be considered a matter of trial strategy and will not be lightly second guessed." *Whitener v. State,* 696 N.E.2d 40, 43 (Ind. 1998).

[14] At the PCR hearing, Strickland's trial counsel indicated that he did not offer an abandonment defense because Strickland claimed to have abandoned the act, at least in part, because he felt he was unable to complete the act due to C.C.'s size. For the defense of abandonment to apply, there are several "temporal prerequisites" that must be met; moreover, the abandonment must be both "voluntary and complete, and the defendant must successfully and voluntarily prevent commission of the underlying crime." *Jones v. State,* 87 N.E.3d 450, 457 (Ind. 2017). "For abandonment to be voluntary, the decision to withdraw from

the effort to commit the underlying crime must originate with the accused." *Id.* (quotations omitted). "That decision must in no way be attributable to extrinsic factors that increase the probability of detection or make more difficult the accomplishment of the criminal purpose." *Id.* Because the abandonment defense requires proof of all elements for the defense to apply, "the State need only disprove one element beyond a reasonable doubt." *Id.*

[15] The abandonment defense did not apply to the facts of Strickland's case. Even if the primary reason Strickland did not pursue further action with C.C. was because C.C. felt like a family member to Strickland, Strickland also acknowledges, even in his brief to this Court, that he partially did not complete the act due to C.C.'s size. *See* Appellant's Br. p. 18. Accordingly, extrinsic factors contributed to Strickland's decision not to complete the sexual act with C.C., and the defense of abandonment does not apply. Strickland, therefore, cannot establish that he was prejudiced. The PC court's denial of this claim was not clearly erroneous.

## B. Jury Instruction

[16] Strickland next argues that he received ineffective assistance of trial counsel because his trial counsel failed to object to a jury instruction which Strickland contends misstated the law. Specifically, Strickland takes issue with Instruction 11, which stated:

> The Defendant has the burden of proving his defense that he reasonably believed that [C.C.] was sixteen (16) years of age or older at the time of the occurrence. Defendant must prove this

defense by a preponderance of the evidence. When I say that a party has the burden to prove an issue by a preponderance of the evidence, I mean by the greater weight of the evidence. A greater number of witnesses testifying to a fact on one side or a greater quantity of evidence introduced on one side is not necessarily of the greater weight. The evidence given upon a fact that convinces you most strongly of its truthfulness is of the greater weight.

Jury Trial Tr. Vol. II p. 81. Indiana Code 35-42-4-9(c), which outlines the elements of sexual misconduct with a minor, states that: "It is a defense that the accused person reasonably believed that the child was at least sixteen (16) years of age at the time of the conduct."[1]

[17] Our understanding of Strickland's argument is that, had his trial counsel objected to Instruction 11 as it was presented, and specifically, to the portion that indicated, "defendant has the burden to prove his defense," the trial court would have been required to sustain the objection and omit the instruction. Appellant's Br. p. 14. We disagree with this statement and, to the extent that Strickland is making a different argument, his argument is waived for failure to make a cogent argument.

---

[1] The version of Indiana Code Section 35-42-4-9(a)(1) in effect when Strickland's offense was committed, stated:

A person at least eighteen (18) years of age who, with a child at least fourteen (14) years of age but less than sixteen (16) years of age, performs or submits to sexual intercourse or deviate sexual conduct commits sexual misconduct with a minor, a Class C felony. However, the offense is:

(1) a Class B felony if it is committed by a person at least twenty-one (21) years of age

A defendant's reasonable belief his victim is sixteen or older is a defense under the explicit terms of the statute. Such a defense admits all the elements of the crime but proves circumstances that excuse the defendant from culpability. *Moon v. State,* 823 N.E.2d 710, 715 (Ind. Ct. App. 2005), *reh'g denied, trans. denied.* The "mistaken belief" defense in Ind. Code § 35-42-4-9 does not negate an element of the crime; rather, if believed, the defense reduces [the defendant's] culpability for acts he committed. *See id.* at 714. Therefore, the burden to prove the defense may properly be placed on the defendant. *Id.* The State has the burden of proving all elements of a charged crime beyond a reasonable doubt, but the burden of proving a defense may be placed on the defendant if proving the defense does not require him to negate an element of the crime. *Id.* When a defense addresses only the defendant's culpability, the defendant may be assigned the burden to prove the defense by a preponderance of evidence. *Id.* at 715.

*Weaver v. State*, 845 N.E.2d 1066, 1069 (Ind. Ct. App. 2006).

[18]     Here, Strickland's counsel proposed an instruction regarding whether Strickland reasonably believed that C.C. was sixteen years at the time of the alleged offense; however, this was not the instruction the trial court used. The instruction that Strickland's trial counsel proposed was very similar to the one offered in *Moon v. State,* 823 N.E.2d at 714.

[19]     In *Moon,* the trial court rejected the defendant's proposed jury instruction and, instead, offered an instruction to the jury that defined the crime of sexual misconduct with a minor, which stated: "It is a defense that the defendant reasonably believed that [J.V.] was sixteen years of age or older. If the defendant proved this by a preponderance of the evidence, you must find the

defendant not guilty of sexual misconduct with a minor. . . ." *Id.* This Court held that the trial court's instruction "was a correct statement of law because the mistaken belief defense in Indiana Code § 35-42-4-9 does not negate an element of the crime. . . ." *Id.*

[20] As the mistaken belief defense does not negate an element of the offense, there is "no error in assigning to [Strickland] the burden to prove his reasonable belief by a preponderance of [the] evidence, nor is there error in the trial court's corresponding instruction to the jury." *Id.* Accordingly, Strickland cannot prove prejudice because the trial court would not have been required to sustain an objection to the instruction. *See Overstreet v. State,* 877 N.E.2d 144, 155 (Ind. 2007) (holding "in order to prevail on a claim of ineffective assistance due to the failure to object, the defendant must show an objection would have been sustained if made"). Strickland did not receive ineffective assistance of trial counsel because his trial counsel did not object to the trial court's Instruction 11. The PC court's conclusion is not clearly erroneous.

### C. Strickland's Sentence

[21] Finally, Strickland argues that he received ineffective assistance of trial counsel with regard to his sentence. Specifically, we understand Strickland's argument to be that he received ineffective assistance of counsel because trial counsel failed to propose certain mitigating factors. To the extent Strickland is arguing that his sentence is inappropriate or that the trial court abused its discretion in sentencing Strickland, this issue should have been raised on direct appeal and not at this stage. *See Collins v. State,* 817 N.E.2d 230, 232 (Ind. 2004) ("[A]n

issue known and available but not raised on direct appeal may not be raised in post-conviction proceedings"). Accordingly, we only address Strickland's argument regarding trial counsel's decision to not propose certain mitigators.

[22] At the PCR hearing, Strickland asked his counsel why he did not propose several mitigators, including that: (1) "there was no death"; (2) "there was no permanent physical impairment";[2] (3) "there [were] no weapons involved"; (4) "there was no evidence of deliberation or premeditation;" (5) Strickland's criminal history was not extensive and involved no crimes of violence;[3] (6) Strickland was suffering from multiple mental disorders; (7) Strickland "had good family support"; and (8) "the unique and unexplained circumstances surrounding the charged crime tended to show that the alleged crime was not likely to reoccur."[4] PCR Tr. pp. 17-18.

[23] Even if trial counsel should have raised these mitigators, Strickland is unable to establish prejudice because Strickland has not demonstrated that the trial court would have accepted the proposed mitigators or that Strickland's sentence would have turned out differently as a result. A trial court is not obligated to

[2] The pre-sentence investigation report ("PSI") indicates that, according to C.C.'s mother, C.C. is in treatment and on medication due to the offense.

[3] The PSI indicates that Strickland's criminal history includes convictions for leaving the scene of an accident, Class B misdemeanor; minor consuming alcoholic beverage, Class C misdemeanor; battery, Class A misdemeanor; minor consuming alcoholic beverage, Class C misdemeanor; driving while suspended, Class A misdemeanor; two counts of forgery, Class C felonies; theft, Class D felony; driving while suspended, Class A misdemeanor; domestic battery, Class A misdemeanor; dealing in a schedule II controlled substance, Class B felony; and a probation violation.

[4] Strickland has not indicated what those circumstances are.

accept a defendant's claim as to what constitutes a mitigating factor. *Rascoe v. State*, 736 N.E.2d 246, 249 (Ind. 2000). A claim that the trial court failed to find a mitigating factor requires the defendant to establish that the mitigating evidence is both significant and clearly supported by the record. *Anglemyer v. State*, 868 N.E.2d 482, 493 (Ind. 2007). Strickland has not done either. Accordingly, the PC Court's conclusion is not clearly erroneous.

## Conclusion

Strickland did not receive ineffective assistance of trial counsel; therefore, the PC court's denial of his petition for PCR is not clearly erroneous. We affirm.

Affirmed.

Crone, J., and Bradford, J., concur.