Micah **NEWSON**, Appellant–Defendant,

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 49A02–0207–CR–609.

Court of Appeals of Indiana.

April 4, 2003.

Bruce E. Andis, Indianapolis, IN, for Appellant.

Steve Carter, Attorney General of Indiana, Christopher L. Lafuse, Deputy Attorney General, Indianapolis, IN, for Appellee.

## OPINION

BROOK, Chief Judge.

### Case Summary

Appellant-defendant Micah Newson appeals his conviction for possession of firearms on school property, a Class D felony.[1] We affirm.

### Issues

Newson raises three issues for our review, which we consolidate and restate as follows:

I. whether the trial court abused its discretion in admitting the handgun seized from his car; and

II. whether he established an affirmative defense to possession of firearms on school property.

### Facts and Procedural History

At approximately 3:15 p.m. on November 6, 2001, a student at Ben Davis High

---

1. Ind.Code § 35–47–9–2.

School in Indianapolis noticed a handgun in the passenger seat of a car parked by the service dock and reported it to school officials. Principal David Marcotte verified the report and notified school security. School security officer James Ingalls opened the car door and retrieved the handgun. Shortly thereafter, Newson approached the car, acknowledged ownership of the vehicle and the handgun, and produced a valid Indiana gun permit.

The State charged Newson with possession of firearms on school property, a Class D felony. On May 3, 2002, the trial court found Newson guilty as charged. Newson now appeals.

### Discussion and Decision

### I. Admission of Firearm

■ Newson contends that the trial court abused its discretion in admitting the handgun retrieved from his car. We need not address Newson's contention, however. Marcotte, Ingalls, and school security officer David Lindsey all testified without objection that they saw a handgun in the passenger seat of a car parked by the service dock. All three witnesses also testified without objection that Newson admitted owning both the car and the handgun. As such, any error in the admission of the handgun can only be considered harmless. *See Martin v. State*, 736 N.E.2d 1213, 1219 (Ind.2000) ("[I]t is 'well settled that the erroneous admission of evidence does not require reversal if other evidence having the same probative value

is admitted without objection or contradiction.' ") (citation omitted).

### II. Affirmative Defense to Possession of Firearms on School Property

■ Indiana Code Section 35–47–9–2 provides that a person who possesses a firearm on school property commits a Class D felony. Section 35–47–9–1(3) provides, however, that section 35–47–9–2 does not apply to "[a] person who . . . may legally possess a firearm . . . and . . . possesses the firearm in a motor vehicle that is being operated by the person to transport another person to or from a school or a school function." Newson does not deny that he possessed a handgun on school property but points to his testimony that he drove a friend to his job at the school. In other words, Newson contends that he established an affirmative defense to the charged crime.[2]

■ "[T]he defendant has the burden of proof on any affirmative defense." *Brown v. State*, 485 N.E.2d 108, 111 (Ind. 1985). As such, Newson appeals from a negative judgment. *Cf. Gambill v. State*, 675 N.E.2d 668, 672 (Ind.1996) (noting that "[t]he burden rests with the defendant to prove, by a preponderance of the evidence, the affirmative defense of insanity" and that "[a] convicted defendant who claims that his insanity defense would have prevailed at trial is in the position of one appealing from a negative judgment") (citation and quotation marks omitted).

When a party appeals from a negative judgment, he must demonstrate that the

2. Although not designated as such, the exception enumerated in Indiana Code Section 35–47–9–1(3) is clearly an affirmative defense to the crime of possession of firearms on school property. *See* BLACK'S LAW DICTIONARY 430 (7th ed.1999) (defining affirmative defense as "[a] defendant's assertion raising new facts and arguments that, if true, will defeat the plain-

tiff's or prosecution's claim, even if all allegations in the complaint are true."). In his appellate brief, Newson frames his argument as a challenge to the sufficiency of the evidence supporting his conviction; given that Newson does not dispute that he possessed a firearm on school property, we instead review the adequacy of his affirmative defense.

**1158**

evidence points unerringly to a conclusion different from that reached by the trial court. We will reverse a negative judgment only if the decision of the trial court is contrary to law. In determining whether a trial court's decision is contrary to law, we must determine if the undisputed evidence and all reasonable inferences to be drawn therefrom lead to but one conclusion and the trial court has reached a different one.

*Cooper v. State,* 760 N.E.2d 660, 665 (Ind. Ct.App.2001) (citations omitted), *trans. denied* (2002).

It is undisputed that Newson legally possessed the handgun; at issue is whether he possessed it in a motor vehicle "that [was] being operated" to transport another person to the school. Ind.Code § 35–47–9–1(3). The record clearly indicates that Newson was not operating his car when the student saw the handgun in the passenger seat. As such, we must conclude that Newson failed to establish his affirmative defense.

Affirmed.

FRIEDLANDER, J., and MATTINGLY–MAY, J., concur.