

IN THE

# Court of Appeals of Indiana

Christine M. Anderson,

*Appellant-Defendant*

v.

State of Indiana,

*Appellee-Plaintiff*



FILED

Jun 24 2024, 10:07 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

June 24, 2024

Court of Appeals Case No.
24A-CR-152

Appeal from the Marion Superior Court

The Honorable Charnette D. Garner, Judge
The Honorable Richard Hagenmaier, Magistrate

Trial Court Cause No.
49D35-2210-CM-29249

**Opinion by Judge Riley**
Judges Kenworthy and Felix concur.

**Riley, Judge.**

## STATEMENT OF THE CASE

Appellant-Defendant, Christine M. Anderson (Anderson), appeals her conviction for prostitution, a Class A misdemeanor, Ind. Code § 35-45-4-2(1).

We affirm.

## ISSUE

Anderson presents this court with one issue on appeal, which we restate as: Whether the evidence supports Anderson's affirmative defense that she was a victim of human trafficking at the time she committed the offense of prostitution.

## FACTS AND PROCEDURAL HISTORY

In September 2022, after investigating Anderson's claim that her boyfriend and pimp, James Ferguson (Ferguson), had assaulted her, Detective Kristen Hartman (Detective Hartman), with the Vice and Human Trafficking Unit of the Indianapolis Metropolitan Police Department, connected Anderson with Silent No More, a domestic violence outreach program that assists domestic violence victims with housing, money, cell phones, and other items. The organization provided Anderson with an extended stay hotel room, a new cell phone with a new number, and money. Detective Hartman remained in contact with Anderson through email and text messages to the new cell phone number in an attempt to build a case against Ferguson. At the end of

September or beginning of October 2022, Anderson reached out to Detective Hartman to alert the detective that a former client had contacted her about some online advertisements he had seen. Using a facial recognition software program to search the internet for advertisements containing Anderson's image or cell phone number, Detective Hartman located some relevant advertisements. Shortly thereafter, Anderson, or her representative, contacted the prosecutor's office and advised that she did not want to pursue charges against Ferguson. Anderson stopped taking Detective Hartman's phone calls and would no longer respond to emails.

[5] On October 14, 2022, Detective Hartman received an alert through the facial recognition software program that an advertisement for an escort had just been posted on the website Mega Personals with video and pictures of Anderson, as well as the new phone number associated with the cell phone provided to her by Silent No More. Detective Hartman set up an undercover operation in which Sergeant Detective Julian Wilkerson (Detective Wilkerson) texted the number provided in the advertisement to inquire about Anderson's availability for a "quick half hour." (Transcript p. 52). Anderson responded that it would be $180 for thirty minutes. She gave Detective Wilkerson the address of the extended stay hotel provided to her by Silent No More. When Detective Wilkerson arrived at the hotel, he called the phone number, which Anderson answered. Once in the room, Detective Wilkerson confirmed their agreement and Anderson grabbed a condom and put the money in her purse. Detective Wilkerson identified himself as a police officer, at which point Detective

Hartman entered the room and advised Anderson of her *Miranda* rights. In response to Detective Hartman's questions about the advertisement, Anderson explained that because she needed money, she had asked Ferguson to post the advertisement as her identification had been flagged on the website which prevented her from posting the advertisement herself.

[6] On October 28, 2022, the State filed an Information, charging Anderson with Class A misdemeanor prostitution. On December 18, 2023, the trial court conducted a bench trial. At the bench trial, Anderson testified in her own defense. Contrary to what she had told Detective Hartman prior to trial, Anderson testified that she knew Ferguson had placed the advertisement but denied that he had done it at her request. She claimed that Ferguson had posted it approximately a month before she was assaulted in September 2022. She also denied that the phone number in the advertisement was the phone number for the cell phone Silent No More had provided her with. Instead, she testified that the phone number in the advertisement was a different phone number associated with an application that Ferguson connected to his phone so he could communicate with her clients and monitor when Anderson talked with clients. During the State's cross-examination, Anderson admitted that at the time of her arrest she had told Detective Anderson that she was willing to give Ferguson half of her earnings from prostitution because she could not post advertisements herself due to her flagged identification. At the close of the evidence, the trial court found Anderson guilty as charged, thereby rejecting her affirmative defense of being a trafficked person under the human trafficking

statute at the time she engaged in prostitution. The trial court sentenced her to 180 days of probation, all suspended.

[7] Anderson now appeals. Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

### I. *Standard of Review*

[8] Not contesting the sufficiency of the evidence that she committed prostitution as a Class A misdemeanor, Anderson contends that there was sufficient evidence to establish her affirmative defense that she was a trafficked person at the time she committed the offense of prostitution. Indiana Code section 35-45-4-2, which defines the charge of prostitution as a Class A misdemeanor in section (a), provides in section (b) that "[i]t is a defense to a prosecution under this section that the person was a victim or an alleged victim of an offense under [I.C. §] 35-42-3.5-1 through [I.C. §] 35-42-3.5-1.4 [the provisions on human and sexual trafficking] at the time the person engaged in the prohibited conduct." *See Neese v. State*, 994 N.E.2d 336, 340 (Ind. Ct. App. 2013) (explaining that a legislative exception to guilt constitutes an affirmative defense, rather than a material element of the offense, when it is placed in a separate sentence of subsection of the statute).

[9] As a matter of first impression, we need to address the allocation of the burden of proof with respect to the affirmative defense as the statute itself is silent. It is well settled that the State has the burden of proving all elements of a charged crime beyond a reasonable doubt. *Francis v. Franklin*, 471 U.S. 307, 317–18,

105 S.Ct. 1965, 85 L.Ed.2d 344 (1985); *Powers v. State*, 540 N.E.2d 1225, 1227 (Ind. 1989), *reh'g denied*; *Moon v. State*, 823 N.E.2d 710, 714 (Ind. Ct. App. 2005). The burden of proving a defense may be placed on the defendant so long as proving the defense does not require the defendant to negate an element of the crime. *Martin v. Ohio*, 480 U.S. 228, 233-34, 107 S.Ct. 1098, 94 L.Ed.2d 267 (1987) (positing that state law may assign a defendant the burden of proof on a defense of self-defense); *Moore v. State*, 673 N.E.2d 776, 779 (Ind. Ct. App. 1996), *trans. denied*. Here, the defense of human trafficking does not negate any elements of the prostitution charge; rather, it operates by entirely excusing the culpability for engaging in prostitution. In essence, the defense of human trafficking "admits all the elements of the crime but proves circumstances which excuse the defendant from culpability." *Butrum v. State*, 469 N.E.2d 1174, 1176 (Ind. 1984).

[10]     When, as here, a defense only addresses the defendant's culpability, the defendant may be assigned the burden to prove the defense by a preponderance of evidence. *Newson v. State*, 785 N.E.2d 1155, 1157 (Ind. Ct. App. 2003). The law regularly places the burden upon a criminal defendant to prove defenses that address culpability. *See, e.g., Carson v. State*, 807 N.E.2d 155, 159 (Ind. Ct. App. 2004) (insanity defense); *Brown v. State*, 790 N.E.2d 1061, 1064 (Ind. Ct. App. 2003) ("unloaded firearm" defense under I.C. § 35-47-4-3); *Newson*, 785 N.E.2d at 1157 (defense of transporting a student to school under I.C. § 34-47-9-2); *Weida v. State*, 778 N.E.2d 843, 848 (Ind. Ct. App. 2002) (abandonment);

*Cooper v. State*, 760 N.E.2d 660, 667 (Ind. Ct. App. 2001), *trans. denied* (previous incarceration as defense to nonpayment of child support).

[11] Unlike the defense of justification for which a defendant is only required to produce some evidence to put the defense at issue, after which the burden shifts back to the State to disprove the defense beyond a reasonable doubt, we find that the human trafficking defense in Indiana Code section 35-45-4-2(b) is predicated on a fact—the forcibility element inherent in human trafficking— that alters our view of the defendant's moral culpability for the criminal conduct. *See, e.g.*, *Moon*, 823 N.E.2d at 716 (pointing to self-defense and entrapment as justification defenses). While the defense does not negate the wrongfulness of the prostitution, it looks at the culpability of the accused. As such, it should be noted that the facts relating to the culpability defense of human trafficking at the time of the prostitution are peculiarly within the knowledge of the defendant and the defendant can fairly be required to adduce additional evidence to support the defense's burden of persuasion. This allocation of the burden of proof is consistent with the position advanced by the Indiana Judges Association's Criminal Instructions Committee. *See* Comment to Pattern Jury Instruction (Criminal) 6.0600 (4th ed. 2021) (instruction on the offense of prostitution) ("The Committee believes that the burden to prove this defense is appropriately assigned to the defendant, by the greater weight of the evidence."). Accordingly, we find that Anderson carried the burden to prove the defense of human trafficking by a preponderance of evidence.

[12]     Because Anderson carried the burden of proof on her affirmative defense, which the trial court rejected, she now appeals from a negative judgment. *See Newson*, 785 N.E.2d at 1157. When a party appeals from a negative judgment, she must demonstrate that the evidence points unerringly to a conclusion different from that reached by the trial court. *Id*. at 1157-58. We will reverse a negative judgment only if the decision of the trial court is contrary to law. *Id*. at 1158. In determining whether a trial court's decision is contrary to law, we must determine if the undisputed evidence and all reasonable inferences to be drawn therefrom lead to but one conclusion and the trial court has reached a different one. *Id*.

## II. *Affirmative Defense*

[13]     To establish her affirmative defense, Anderson was required to prove by a preponderance of the evidence that she was a victim of one of the trafficking offenses set forth in Indiana Code Chapter 35-42-3.5. *See* I.C. § 35-45-4-2(b). The pertinent offense, promotion of human sexual trafficking, is defined, in part, as follows:

> A person who knowingly or intentionally uses force, threat of force, coercion, or fraud to recruit, entice, harbor, or transport an individual with the intent of causing the individual to: []
>
> > (2) engage in prostitution; or
> >
> > (3) participate in sexual conduct;

commits promotion of human sexual trafficking, a Level 4 felony.

I.C. § 35-42-3.5-1.1. To aid in the interpretation of this statute, our Legislature has provided the following definitions:

> As used in this chapter, "force", "threat of force", "coercion", or "fraud" means but is not limited to a person:
>
> (1) causing or threatening to cause physical harm to a human trafficking victim;
>
> (2) physically restraining or threatening to physically restrain a human trafficking victim;
>
> (3) abusing or threatening to abuse the law or legal process to further the act of human trafficking;
>
> (4) knowingly destroying, concealing, removing, confiscating, or possessing any actual or purported passport or other immigration document, or any other actual or purported government identification document of the human trafficking victim;
>
> (5) using blackmail or threatening to cause financial harm for the purpose of exercising financial control over the human trafficking victim; or
>
> (6) facilitating or controlling a human trafficking victim's access to a controlled substance.

Ind. Code § 35-42-3.5-0.5. At trial and on appeal, the State conceded that Anderson may have previously been a victim of human trafficking related to the assault in September, but the State also contends that Anderson was not a victim as specified under the Statute at the time of the instant offense, on October 14, 2022.

[14] The evidence reflects that on October 14, 2022, several weeks after Ferguson had assaulted her, Anderson was removed from Ferguson's orbit of influence: she was housed in a safe place, she had a new cell phone, she had been provided with a new cell phone number, and she had been given money by Silent No More. Despite this removal, Anderson voluntarily contacted Ferguson and provided him with her new phone number and address for the purpose of posting an advertisement on Mega Personals for her. She told Detective Hartman that she had agreed to give him half of the proceeds she would make from prostitution in exchange for his help posting the advertisement. Rather than being coerced and threatened by Ferguson to engage in prostitution on October 14, 2022, Anderson voluntarily sought out his assistance to return to escort services because she needed money. Although Anderson changed her testimony at the bench trial, claiming that the advertisement dated from before the September assault; that the phone number in the advertisement differed from the one given to her by Silent No More; and that Ferguson monitored her phone calls with a special application and communicated with her clients through the application, by denying Anderson's affirmative defense, the trial court explicitly credited the testimony of the detectives establishing that she engaged in prostitution without Ferguson's coercion

[15] While on October 14, 2022, Anderson voluntarily elected to reach out to Ferguson and use his help in placing the advertisement, she fails to establish that her connection with Ferguson on that date went beyond a purely

transactional undertaking. Ferguson may have collaborated, facilitated, or rendered assistance to Anderson in finding prospective clients for her illegal activity in exchange for a cut of the proceeds, but there is no evidence that he forced, coerced, or threatened her to return to prostitution on October 14, 2022. *See* I.C. § 35-42-3.5-1.1. Anderson's arguments merely amount to a request to reweigh the evidence, which we cannot do. Accordingly, we affirm her conviction for prostitution as a Class A misdemeanor.[1]

## CONCLUSION

[16] Based on the foregoing, we conclude that Anderson failed to establish the affirmative defense that she was a victim of human trafficking at the time she committed the offense of prostitution beyond a preponderance of the evidence and therefore, we affirm her conviction for prostitution.

[17] Affirmed.

---

[1] In an additional argument, Anderson claims that she is entitled to have her conviction vacated as a matter of law under Indiana Code section 35-38-10-2 (Vacatur Statute), which provides:

> A person who committed an offense that did not result in bodily injury to another person is entitled to have the person's conviction vacated if the person proves by a preponderance of the evidence that: (1) the person was a trafficked person at the time the person committed the offense; (2) the offense did not result in bodily injury to another person; and (3) at the time the person committed the offense, the person was: (A) coerced; or (B) under the control of; another person.

Not only did Anderson fail to establish the affirmative defense that she was a trafficked person, in order to obtain relief under this statute, Anderson must file a petition for post-conviction relief. *See* I.C. § 35-38-10-3 (an action to receive the remedy provided in the Vacatur Statute must be brought "in accordance with the Indiana rules of post-conviction relief."). As Anderson did not file a petition for post-conviction relief, this statutory remedy is not properly before this court.

Kenworthy, J. and Felix, J. concur.

ATTORNEY FOR APPELLANT

Timothy J. Burns
Indianapolis, Indiana

ATTORNEY FOR APPELLEE

Theodore E. Rokita
Attorney General of Indiana

Michelle Hawk Kazmierczak
Deputy Attorney General
Indianapolis, Indiana